WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cristobal Hernandez, Jr.,<br><br>             Plaintiff,<br><br>v.<br><br>Janice K. Brewer, et al.,<br><br>             Defendants. | No. CV 11-1945-PCT-JAT<br><br>**ORDER** |

Pending before the Court are: (1) Plaintiff's Motion for Pinal County to Return Exhibits (Doc. 17); (2) the Pinal County Defendants'[1] Motion to Dismiss (Doc. 18); (3) the State Defendants'[2] Motion to Dismiss (Doc. 21); and (4) Defendants' Opposition to Plaintiff's Proposed Scheduling Conference and Motion to Stay Discovery (Doc. 41).

**I.     BACKGROUND**

On October 5, 2011, Plaintiff filed a Complaint in this Court. On December 20, 2011, Plaintiff filed an Amended Complaint.[3] In his eighty-three page Amended

---

[1] Defendants Pinal County, James P. Walsh, Pinal County Board of Supervisors, Janet Gygax, Paul Babeu, James Rimmer, and Benjamin Parry are referred to collectively herein as the "Pinal County Defendants."

[2] Defendants State of Arizona, Janice K. Brewer, Thomas C. Horne, Katrin Nelson, Barton Fears, Matthew Conti, Stephen Lepley, Terry and Monica Goddard, and Eric Herrmann are referred to collectively herein as the "State Defendants."

[3] The Court notes that there is substantial confusion as to whether Plaintiff's Original Complaint or Plaintiff's Amended Complaint is the operative Complaint before the Court. Although Plaintiff includes language seeking to amend his Complaint in his Amended Complaint, the Clerk of the Court treated Plaintiff's Amended Complaint as an Amended Complaint, not a Motion to Amend the Complaint. Accordingly, the operative Complaint is the Amended Complaint (Doc. 15) and the Court will only consider

Complaint, Plaintiff asserts various theories of liability against Defendants. Defendants now move to dismiss Plaintiffs' Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(6) and failure to comply with Federal Rule of Civil Procedure 8's requirement that Plaintiff make a short, plain statement of his claims.

## II.   LEGAL STANDARD

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8. Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level. *Id.*

Rule 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). A complaint that offers nothing more than blanket assertions will not suffice. To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Id.* Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* "Where a complaint pleads

---

arguments made with regard to the Amended Complaint.

facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Because Plaintiff is proceeding *pro se*, the Court must construe his Complaint liberally, even when evaluating it under the *Iqbal* standard. *Johnson v. Lucent Technologies Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011). However, "[s]omething labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *McHenry v. Renne,* 84 F.3d 1172, 1180 (9th Cir. 1996). "Prolix, confusing complaints . . . impose unfair burdens on litigants and judges." *Id.* at 1179.

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in a complaint in the light most favorable to the drafter of the complaint, and the Court must accept all well-pleaded factual allegations as true. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation, *Papasan*, 478 U.S. at 286, or an allegation that contradicts facts that may be judicially noticed by the Court, *Shwarz*, 234 F.3d at 435.

### III.   ANALYSIS

#### A.   Claims Related to the October 6, 2009 Traffic Stop

Plaintiff alleges that, on October 6, 2009, Defendant Parry, a Deputy Sheriff for the Pinal County Sheriff's Office, conducted a traffic stop of Plaintiff. (*Id.* at ¶ 45). Plaintiff alleges that Parry approached Plaintiff's vehicle and asked Plaintiff for his driver's license, registration, and proof of insurance. (*Id.* at ¶ 45). Plaintiff alleges that Parry then returned to his vehicle where he made phone calls and after ten minutes, Parry returned and ordered Plaintiff out of the vehicle. (*Id.* at ¶ 46). Plaintiff alleges that Parry gave Plaintiff a citation for not having proof of insurance and then "released" Plaintiff. (*Id.* at ¶ 46). Plaintiff alleges that after he started to approach his vehicle, Parry ordered

Plaintiff "back" and informed him that he appeared to be nervous and that he could smell marijuana emitting from the cab of the vehicle. (*Id.* at ¶ 47). Plaintiff alleges that he then denied Parry's request to search the vehicle, but Parry stated that he had probable cause to search. (*Id.* at ¶ 49). Plaintiff alleges that Parry ordered Plaintiff to pull out his pockets to check for any concealed weapons or contraband and then conducted a pat down of Plaintiff. (*Id.*).

Plaintiff alleges that Parry then retrieved his K-9 from his vehicle and performed a "search" of Defendant's vehicle, and then Parry searched "all Plaintiffs' personal effects." (*Id.* at ¶ 50). Plaintiff alleges that Parry then accused Plaintiff of transporting marijuana in the hollow compartment areas of the driver's door. (*Id.*). Plaintiff alleges that Parry then informed Plaintiff that, despite the positive reaction from his K-9, he would give Plaintiff a break and allow him to leave and would not seize the vehicle. (*Id.* at ¶ 51).

Plaintiff alleges that the same day, Plaintiff wrote Defendant Babeu a letter detailing the misconduct and abuse of power that occurred during the traffic stop. (*Id.* at ¶ 54). Plaintiff alleges that Defendant Babeu did not "immediately" respond to the letter. (*Id.* at ¶ 56). Plaintiff alleges that ten months after the incident, Plaintiff received a call from Babeu's personal secretary, who informed him that Babeu would like to investigate his complaint. (*Id.* at 84, n. 2).

Plaintiff alleges that he later appeared at the Eloy Justice Court and demonstrated that he had proof of insurance and Defendant Parry did not attend the proceedings. (*Id.* at 84, n.1).

Plaintiff alleges that the reason he was actually pulled over was that the police intended to pull over another man who was involved in a drug and money laundering ring and drove a vehicle that is identical to Plaintiff's vehicle. (*Id.* at ¶¶ 135-142).

Plaintiff also appears to challenge a traffic stop conducted by Defendant Rimmer and search of a construction lot that occurred on October 21, 2009. (*Id.* at ¶¶ 143-148).

However, aside from conclusory assertions that Defendant Rimmer conducted an illegal stop and search, Plaintiff makes no attempt to link any of the facts related to the October 21, 2009 traffic stop to any legal claims.  Further, the facts relating to the October 21, 2009 traffic stop are vague and confusing.  Accordingly, the Court assumes the Counts of Plaintiff's Complaint are unrelated to the October 21, 2009 traffic stop.

### B.    Claims Related to the Seizure of Plaintiffs' Home

Plaintiff alleges that he was improperly targeted in an investigation by State of Arizona and Pinal County authorities of a drug and money laundering ring. (Doc. 16 at 1-9).  The criminal investigation resulted in the arrest, on October 14, 2009, of twenty-one people, including Plaintiff's brother.  (*Id.* at ¶ 1).  Plaintiff alleges that, when his brother was arrested, deputies told his brother that if Plaintiff continued to complain to Sheriff Babeu about his traffic stop, they would arrest Plaintiff.  (*Id.* at ¶ 57).

Plaintiff alleges that, on December 8, 2009, the State constructively seized his home, based on evidence developed during the investigation.  (*Id.* at ¶ 2).  Plaintiff alleges that Defendant Rimmer told Plaintiff that his home would not be released until Plaintiff provided detectives with information about the drug and money laundering ring not currently known by them.  (*Id.* at ¶ 67).  Plaintiff alleges that the seizure of his home was used as an investigative tool to (1) circumvent his right to remain silent; (2) use Plaintiff's home as leverage to induce him to talk; and (3) to gain Plaintiff's cooperation as a witness at his brother's criminal trial.  (*Id.* at ¶ 70).  Plaintiff alleges that Defendant Rimmer also explained that Plaintiff's home was seized because it was purchased with illegal proceeds.  (*Id.* at ¶ 72).

Plaintiff alleges that, on December 17, 2009, the State caused the wrongful publication of Plaintiff's name and family home to appear in the Arizona Business Gazette, as property to be forfeited as part of a criminal enterprise.  (*Id.* at ¶ 74).

Plaintiff alleges that he met with Defendants Nelson and Gygax and demonstrated that his home was built and paid for by his retirement account.  (*Id.* at ¶ 75).  Plaintiff

- 5 -

alleges that, on February 17, 2010, Plaintiff "filed the first of many complaints appraising the Maricopa Superior Court of State's unlawful behavior." (*Id.* at ¶ 76). Plaintiff then provided "notice" to Defendants Goddard and Babeu that his home was unlawfully seized, but no action was taken to remedy the situation. (*Id.* at ¶¶ 78-79). Plaintiff alleges that Defendant Gygax "alleged in her sworn affidavit" that Plaintiff purchased money orders with tainted money and paid property taxes, knowing that this was not true. (*Id.* at 84, n.4). Plaintiff alleges that Defendant Nelson failed to verify that the State had probable cause to seize Plaintiff's home and this violated his right to due process. (*Id.* at ¶ 92). Plaintiff alleges that he petitioned the State Court to have his home released. (*Id.*).

Plaintiff alleges that, on May 3, 2010, an amended Complaint was filed by Defendant Herrmann in the criminal action. Plaintiff alleges that this amended Complaint included Plaintiff as a Defendant and included three allegations against him. Plaintiff alleges that this Amended Complaint contained the knowingly false information that (1) based on a wiretap, Plaintiff was recorded, in a telephone conversation, discussing plans to pick up and transport marijuana, (2) Plaintiff used drug proceedings in the construction of his home and (3) that Plaintiff's brother attempted to conceal property by transferring his property into Plaintiff's name. (*Id.* at ¶¶ 4, 97-102). Plaintiff alleges that the State ultimately conceded that Plaintiff did not engage in any such call and his home was returned to him. (*Id.* at ¶ 9).[4]

Plaintiff alleges that, as a result of the State's careless, reckless, and unlawful conduct, he is required to disclose to potential employers that he was the target of a civil/criminal investigation and thus he cannot obtain employment. (*Id.* at ¶ 163). Plaintiff also alleges that he suffered emotional distress and adverse physical maladies and manifestations that have prevented him from working. (*Id.* at ¶ 164). Plaintiff

---

[4] The Court notes that the Amended Complaint contains various allegations regarding the details of the underlying criminal trial. Plaintiff appears to challenge every action the police, prosecutors, and Court took in the criminal investigation and trial as it related to him. However, Plaintiff fails to link these allegations to the counts asserted against Defendants in his Amended Complaint as discussed more fully below.

- 6 -

alleges that his daughters have been denied admission to West Point and the United States Air Force Academies because their father "has been identified as a major figure in a money laundering and drug distribution network." (*Id.* at ¶ 164).

As a result of the alleged violations described above, Plaintiff asserts twenty-two counts against Defendants. The Court will discuss each Count in turn.

### C. The Complaint

The twenty-two counts alleged in Plaintiff's Amended Complaint fall into roughly three categories: (1) alleged violations of criminal statutes; (2) Section 1983 claims; and (3) state law claims.

In his Amended Complaint, Plaintiff named the State of Arizona, Governor Brewer (in her official capacity only) and Defendants Horne, Lepley, Nelson, Herrman, Fears, Conti, and Goddard in their official and individual capacities. The State of Arizona now moves to dismiss the claims against the State, Governor Brewer and Defendants Horne, Lepley, Nelson, Herrman, Fears, Conti, and Goddard in their official capacities because such claims are barred by the Eleventh Amendment.

In his Response to the State Defendants' Motion to Dismiss, under the section entitled "Eleventh Amendment Immunity," Plaintiff consented to "withdraw his claim against the State of Arizona and hold each individual responsible in their personal capacity." (Doc. 23 at 4). Accordingly, the State of Arizona and Governor Brewer are dismissed from this action with prejudice. Further, Defendants Horne, Lepley, Nelson, Herrman, Fears, Conti, and Goddard are dismissed in their official capacities with prejudice.[5]

---

[5] The Court notes that the State Defendants also argue that, to the extent that Plaintiff's claims are against government attorneys for acts involving or relating to litigation, those Defendants are entitled to absolute immunity. The Court agrees that, in Plaintiff's Amended Complaint, the facts as alleged suggest that each government attorney that Plaintiff references was acting as part of the judicial process and is thus entitled to absolute immunity on any claims arising from those facts. *See Broam v. Bogan*, 320 F.3d 1023 (9th Cir. 2003) ("If the action was part of the judicial process, the prosecutor is entitled to the protection of absolute immunity whether or not he or she violated the civil plaintiff's constitutional rights.") (internal citation omitted). However,

With the exception of part of Count 14, the remaining claims in Counts 13-16 are state law claims.[6] Defendants argue that, with the exception of the federal claim in Count 14, Counts 13-16 must be dismissed because they are barred by the Arizona notice of claim statute and the statute of limitations.

The statute of limitations for actions against any public entity or employee is one year. Ariz. Rev. Stat. Ann. §12-821.

Count 13 is based on the December 17, 2009 listing of Plaintiff's name in the Arizona Business Gazette. Count 15 is based on the alleged seizure of Plaintiff's home which allegedly occurred on December 8, 2009. Plaintiff filed his complaint on October 5, 2011. Because more than a year passed between the accrual of Count 13 and Count 15

---

because it is not clear to the Court what claims Plaintiff is asserting against the government attorney Defendants or which facts support those claims, the Court cannot make a definitive determination as to whether those Defendants would be entitled to absolute immunity on Plaintiff's claims against them.

[6] In Count 13, Plaintiff alleges defamation, libel and/or false light invasion of privacy claims against Defendants Goddard, Walsh, Babeu, Nelson, Herrmann, Fears, Conti, Gygax, Rimmer, and Perry. Plaintiff alleges that the "State caused Plaintiff's home and person to be harmed when the Arizona Business Gazette listed Plaintiff's home and listed his name as having association with a money laundering and illegal drug distribution enterprise. (*Id.* at ¶ 283). Plaintiff alleges that Defendants' statements made and/or released to the media were false, defamatory, and disparaging and Defendants are responsible for the publication of false and misleading statements in various media outlets throughout Arizona.

In Count 14, Plaintiff alleges that all Defendants violated 18 U.S.C. § 961 and A.R.S. § 13-2301. Plaintiff alleges that Defendants have engaged in a pattern of unlawful activity, including baseless investigation, unlawful seizures, malicious prosecutions, abuse of process, asserting false claims, fraudulent schemes, practices, artifices, and extortions under color of official right. (*Id.* at ¶ 292).

In Count 15, Plaintiff alleges negligent and intentional infliction of emotional distress against all Defendants. Plaintiff alleges that Defendants' acts included the vindictive, extortionate seizure of Plaintiff's home merely because he was related to one of the co-defendants in criminal proceedings that have caused Plaintiff great hardships, leaving Plaintiff unwilling to leave his home and frightened that the Pima County Sheriff's Office will cause harm to him. (*Id.* at ¶¶ 297-302).

In Count 16, Plaintiff alleges negligence against all Defendants. In Count 17, Plaintiff alleges gross-negligence against all Defendants because they allegedly did not have probable cause to seize his home.

- 8 -

and the day that Plaintiff filed his Complaint, the statute of limitations bars those claims. Accordingly, Counts 13 and 15 are dismissed with prejudice.

The Court is unable to determine the factual basis for Plaintiff's claims in Counts 14, 16, and 17, and thus cannot determine if the notice of claim statute/statute of limitations will bar Plaintiff's claims alleged in Count 14, 16, and 17. Because Count 14 contains only conclusory statements as to Defendants liability under federal and state racketeering statutes, Plaintiff has failed to state a claim upon which relief can be granted in Count 14 and Count 14 will be dismissed without prejudice. Likewise, because Counts 16 and 17 contain only conclusory statements as to Defendants' negligence and gross negligence, Plaintiff has failed to state a claim upon which relief can be granted in Counts 16 and 17 and Counts 16 and 17 will be dismissed without prejudice.

### 1. Counts 1-6 and 18-22

In Counts 1, 3, 5, 6, 18, 19, 20, 21, and 22 Plaintiff alleges that certain Defendants violated 18 U.S.C. § 2511, 18 U.S.C. § 709, 18 U.S.C. § 1001, 18 U.S.C. § 1512(c)(1) & (k), 18 U.S.C. § 1519, 18 U.S.C. § 241, 18 U.S.C. § 242, 18 U.S.C. § 371, A.R.S. § 13-2409, and A.R.S. § 13-2407. In Counts 2 and 4, Plaintiff alleges that the certain Defendants conspired to violate 18 U.S.C. § 2511(1)(e)(iii)(iv), 18 U.S.C. § 709. Because 18 U.S.C. § 2511, 18 U.S.C. § 709, 18 U.S.C. § 1001, 18 U.S.C. § 1512(c)(1) & (k), 18 U.S.C. § 1519, 18 U.S.C. § 241, 18 U.S.C. § 242, 18 U.S.C. § 371, A.R.S. § 13-2409, and A.R.S. § 13-2407 are criminal statutes that do not provide a private right of action, Counts 1, 3, 5, 6, 18, 19, 20, 21, and 22 will be dismissed with prejudice.

With regard to his conspiracy claims, in Response to Defendants' Motions to Dismiss, Plaintiff fails to respond to Defendants' arguments that the conspiracy claims should be dismissed. Plaintiffs' Responses contain very little legal argument and mostly contain a reiteration of the facts contained in his Complaint and Amended Complaint. Despite Plaintiff's failure to legally or factually support his claims of conspiracy, the Court has examined Plaintiff's Amended Complaint and finds that Plaintiff has alleged

no facts that raise a plausible claim of civil conspiracy. Accordingly, Counts 2 and 4 will be dismissed without prejudice.

### 2. Counts 7-12

In Count 7, Plaintiff alleges claims under 42 U.S.C. § 1983 against all Defendants. In Count 7, Plaintiff makes the broad allegation that Defendants' "wrongful conduct" violated his rights under the United States Constitution, "including but not limited to Amendments I, IV, VI, and XIV, in that Plaintiff Hernandez was deprived of privileges and immunities guaranteed to all citizens of the United States, was subjected to law enforcement retaliatory conduct, malicious and selective prosecution, illegal search and seizure, interference and was investigated and prosecuted without proper cause, with an unconstitutional motive and malice, and without equal protection or due process." (Doc. 16 at ¶ 227).

The Pinal County Defendants acknowledge that Plaintiff likely intended to state a Section 1983 Fourth Amendment claim against Defendant Parry for the October 6, 2009 traffic stop and that Plaintiff has alleged enough facts to survive a motion to dismiss on this claim. Because the Pinal County Defendants have not moved to dismiss this part of Count 7, the Court will only analyze the remaining allegations in Count 7.

Because Count 7 contains only conclusory statements as to the remaining Defendants' alleged violations of Plaintiff's constitutional rights and fails to provide any factual basis for Plaintiff's claims, Count 7 will be dismissed without prejudice.

In Count 8, Plaintiff alleges claims under 42 U.S.C. § 1983 against all Defendants. In Count 8, Plaintiff alleges that Defendants have violated his rights under the Fourteenth Amendment of the U.S. Constitution because he is part of a protected class as a Latino person and his home was seized, at least in part, on the basis of his ethnicity, race, and/or national origin. (*Id.* at ¶ 235). In Count 9, Plaintiff alleges that all Defendants violated Article 2, Section 13 of the Arizona Constitution by stopping, searching, and seizing Plaintiff's home based, at least in part, on the basis of his race and/or ethnicity. Again,

aside from these conclusory statements, Plaintiff provides no facts in his Complaint that support his assertion that Defendants, as a group, or individually, seized his home on the basis of his race, ethnicity and/or national origin.  Accordingly, Plaintiff has failed to state a claim upon which relief can be granted in Counts 8 and 9 and Counts 8 and 9 will be dismissed without prejudice.

In Count 10, Plaintiff alleges § 1983 claims against Defendant Goddard, Walsh, Babeu, Lepley, the State of Arizona, and Pinal County.  Plaintiff alleges that these Defendants violated his constitutional rights through their failure to train their officers, agents, and employees.  Again, Plaintiff has failed to allege any facts supporting his conclusory assertion that these Defendants are liable under section 1983 for failure to train their officers, agents, and employees.  Accordingly, Plaintiff has failed to state a claim upon which relief can be granted with regard to Count 10 and Count 10 will be dismissed without prejudice.

In Count 11, Plaintiff alleges a § 1983 claim against all Defendants for a violation of his equal protection rights because he was treated as a "class of one, differently from others similarly situated." (Doc. 16 at ¶ 260).   Plaintiff alleges that Defendants singled him out "with the impermissible motive of attempting to intimidate, harass, and exact revenge for his relationship with his brother."  (*Id.* at ¶ 265).  Again, aside from this conclusory assertion, Plaintiff provides no facts that support his assertion that Defendants, as a group, or individually, improperly singled Plaintiff out as a "class of one."  Further, Plaintiff does not allege a group with whom he is similarly situated.  Accordingly, Plaintiff has failed to state a claim upon which relief can be granted in Count 11 and Count 11 will be dismissed without prejudice.

In Count 12, Plaintiff alleges a conspiracy to commit violations of § 1983 against Defendants Goddard, Walsh, Babeu, Nelson, Herrmann, Fears, Conti, Gygax, Rimmer, and Perry.  Again, Plaintiff provides no factual basis for his conclusory assertion that these Defendants were engaged in a conspiracy to commit violations of § 1983.

Accordingly, Plaintiff has failed to state a claim upon which relief can be granted in Count 12 and Count 12 will be dismissed without prejudice.

Defendants also seek dismissal of Plaintiff's claimed relief of punitive damages. To recover punitive damages under federal law against Defendant Parry, Plaintiff must show that Defendant Parry's conduct was motivated by an evil motive or intent or involved reckless or callous indifference to plaintiff's federal constitutional rights. *See Smith v. Wade*, 461 U.S. 30, 56 (1983). Such a fact-based inquiry is properly resolved on a Motion for Summary Judgment or at trial, and not on a Motion to Dismiss. *See Placencia v. I-Flow Corporation*, No. CV10-2520-PHX-DGC, 2011 WL 1361562, at *4 (D. Ariz. April 11, 2011).

### IV. Plaintiff's Motion for Order to Have Pinal County Withdraw Their Objection

On January 9, 2012, Plaintiff filed a Motion for Order to Have Pinal County Withdraw their Objection. In his Motion, Plaintiff asserts that he requested that the Maricopa County Superior Court Clerk return exhibits used in his defense in a civil trial held in Maricopa County Superior Court. Pinal County objected to the request before the Maricopa County Superior Court. Plaintiff requests that this Court order Pinal County to withdraw its objection to his request. Under the *Younger* abstention doctrine, absent circumstances not present here, this Court will not interfere with the Superior Court's rulings. *See Younger v. Harris*, 401 U.S. 37 (1971). Likewise, this Court cannot enjoin the Parties from making arguments in the underlying Superior Court proceedings. Accordingly, Plaintiff's Motion for an Order will be denied.

### V. CONCLUSION

Plaintiff has failed to state a claim upon which relief can be granted in all Counts of his Complaint, except part of Count 7, wherein Plaintiff alleges a §1983 claim against Defendant Parry based on an alleged Fourth Amendment violation during a traffic stop. Therefore, all other claims against all Defendants except Defendant Parry are dismissed

as specified below. The State of Arizona and Governor Brewer are dismissed from this action with prejudice. Further, Defendants Horne, Lepley, Nelson, Herrman, Fears, Conti, and Goddard are dismissed with prejudice to the extent Plaintiff asserted claims against them in their official capacities. Counts 1, 3, 5, 6, 13, 15, 18, 19, 20, 21, and 22 of Plaintiff's Amended Complaint are dismissed with prejudice. Counts 2, 4, 7, 8, 9, 10, 11, 12, 14, 16, and 17 of Plaintiff's Amended Complaint are dismissed without prejudice. Unless otherwise noted, all Defendants, with the exception of Defendant Parry, are dismissed without prejudice.[7]

**IT IS ORDERED** that the Pinal County Defendants' Motion to Dismiss (Doc. 18) is granted as set forth herein.

**IT IS FURTHER ORDERED** that the State Defendants' Motion to Dismiss (Doc. 21) is granted as set forth herein.

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Pinal County to Return Exhibits from Plaintiff's criminal trial (Doc. 17) is denied.

/
/
/
/
/

---

[7] If Plaintiff seeks to amend his Complaint, he must file a proper Motion to Amend in compliance with Federal Rule of Civil Procedure 15 and LRCiv. 15.1. LRCiv 15.1 provides, in pertinent part,

> A party who moves for leave to amend a pleading, or who seeks to amend a pleading by stipulation and order, must attach a copy of the proposed amended pleading as an exhibit to the motion or stipulation, which must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added. The proposed amended pleading is not to incorporate by reference any part of the preceding pleading, including exhibits.

LRCiv. 15.1.

**IT IS FINALLY ORDERED** that Defendants' Opposition to Plaintiff's Proposed Scheduling Conference and Motion to Stay Discovery (Doc. 41) is denied as moot.

The Clerk of the Court shall not enter judgment at this time.

Dated this 9th day of July, 2012.

*/s/ James A. Teilborg*
James A. Teilborg
United States District Judge