WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cristobal Hernandez, Jr., | No. CV 11-1945-PCT-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Benjamin Parry, | |
| Defendant. | |

Pending before the Court are: (1) Plaintiff's Motion for Extension of Time to Amend (Doc. 44); (2) Plaintiff's Motion for Reconsideration (Doc. 48; Doc. 49); (3) Plaintiff's Motion to Stay (Doc. 50; Doc. 51); (4) Plaintiff's Motion to Amend Complaint (Doc. 53); and (5) Plaintiff's Motion for Leave to File (Doc. 61). The Court now rules on the Motions.

Although there are seven motions pending before the Court, the arguments contained in the Motions generally fall into two categories: (1) the Court erred in its July 9, 2012 Order and, thus, should allow Plaintiff to Amend his Complaint to allow Plaintiff to add claims and parties that have already been dismissed in this case and (2) the Court should stay the case. The seven motions currently pending before the Court are duplicative of each other and the arguments contained therein and the relief sought are, at times, contradictory. Although the Court gives pro se litigants special consideration, this is no excuse to clog the Court's docket and cause undue prejudice to Defendants by requiring them to respond to several motions on the same subject matter. Plaintiff is warned that, if he continues to file duplicative motions on any subject matter in this case,

the Court will strike such motions without further notice to Plaintiff and without considering the additional arguments contained in the subsequently filed motions. Further, such behavior on Plaintiff's part could eventually lead to sanctions, including dismissal of this case.

Plaintiff suggests that his ignorance of the law excuses his inability to follow this Court's rules. This is incorrect. Plaintiff is reminded that he is subject to the same rules and limitations placed on attorneys and that he will not be granted immunity from the rules merely because he is proceeding pro se. *See Pagtalunan v. Galaza,* 291 F.3d 639, 640–43 (9th Cir. 2002) (holding that the district court did not err in dismissing a pro se plaintiff's habeas corpus petition for failing to comply with a court order); *Ghazali v. Moran,* 46 F.3d 52, 54 (9th Cir. 1995) (holding that the district court did not err in dismissing a pro se plaintiff's civil rights complaint for failing to comply with a local rule); *United States v. Flewitt,* 874 F.2d 669, 675 (9th Cir. 1989) (stating that pro se litigants are subject to the same good faith limitations imposed on lawyers, as officers of the court); *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1986) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *Jacobsen v. Filler,* 790 F.2d 1362, 1364 (9th Cir. 1986) ("[P]ro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record.").

Accordingly, **IT IS ORDERED** that, for all future issues that Plaintiff wishes to bring to the Court's attention, Plaintiff is limited to filing one motion on any one issue and is further limited to filing one reply in support of such motion, if such reply is allowed by the Federal Rules of Civil Procedure and this Court's local rules.

The Court will now consider Plaintiff's Motions on their merits.

### I. Whether the Court Should Reconsider its July 9, 2012 Order

On October 5, 2011, Plaintiff filed a Complaint in this Court. On December 20, 2011, Plaintiff filed an Amended Complaint. The Amended Complaint was eighty-three pages and contained twenty-two Counts as alleged against sixteen Defendants. After

Defendants moved to dismiss, in its July 9, 2012 Order, the Court granted the Motions to Dismiss and dismissed all Counts and all Defendants with the sole exception of part of Count 7, wherein Plaintiff alleged a §1983 claim against Defendant Parry based on an alleged Fourth Amendment violation during a traffic stop. (Doc. 42).

Plaintiff objects to the dismissal of Counts 13-16 of his Amended Complaint. The Court dismissed Counts 13 and 15 on statute of limitations grounds and Counts 14 and 16 because Plaintiff failed to provide a sufficient factual basis for his claims, and, thus, failed to state a claim upon which relief could be granted in those Counts. Plaintiff argues that the Court erred in dismissing these claims because Defendants were on notice of Plaintiff's claims when Plaintiff wrote Terry Goddard a letter on February 19, 2010 informing Goddard of his complaints against former Defendant Nelson. Plaintiff argues that the statute of limitations did not begin to run until March 11, 2010. Plaintiff suggests that he did not discover many of the alleged violations of his constitutional rights until he was given "incident reports." Plaintiff argues that the "Continuing Violation Doctrine relieves a plaintiff of a limitations bar if he/she can show a series of related acts to him/her, one or more of which falls within the limitations period." (Doc. 47 at 3; Doc. 48; Doc. 49). Further, Plaintiff appears to argue that he did not timely bring his claims because he was attempting to settle this matter within the Maricopa County Superior Court system in a criminal case.[1]

First, Plaintiff has failed to cite to any legal standard which provides that he is entitled to reconsideration of this Court's Order. Additionally, Plaintiff fails to

---

[1] Many of Plaintiff's arguments are prolix and confusing and the relevance of such arguments to the issues presented in Plaintiff's motions is not clear. For instance, Plaintiff states that "An investigation must be initiated to determine why a Maricopa Superior Judge was switched 3 months into the [criminal] proceedings without notification to defendants." (Doc. 44 at 7). It is not clear how this statement relates to the statute of limitations issue or even to the claims in Plaintiff's complaint. Although this is just one example of the confusing nature of Plaintiff's motions, the Court has made every effort to understand and reiterate Plaintiff's arguments herein.

demonstrate that a "continuing violations doctrine" applies to the facts of this case. Further, Plaintiff's arguments do not change the Court's reasoning or conclusion as set forth in the July 9, 2012 Order (Doc. 42), specifically that Plaintiff's claims are barred by the statute of limitations and/or that Plaintiff failed to state claims upon which relief could be granted in Counts 13-16 of his complaint. Accordingly, Plaintiff's Motion for Extension of Time to Amend (Doc. 44); Plaintiff's Motion for Reconsideration (Doc. 48) and Plaintiff's Motion for Reconsideration Supplemental (Doc. 49) are denied.

## II.     Whether Plaintiff Should be Granted Leave to Amend

Plaintiff has requested leave to amend his complaint pursuant to Federal Rule of Civil Procedure 15. Although the Court previously instructed Plaintiff that any Motion to Amend his Complaint should be filed in compliance with LR 15.1, Plaintiff independently determined that he need not follow the local rules. *See* Doc. 53 at 3 (where Plaintiff states that following the local rules "would cause the Court too much time and effort" and "will cause some confusion if Plaintiff follows the local rules"). In his proposed Third Amended Complaint, Plaintiff included claims and parties that have previously been dismissed with prejudice by the Court and has failed to identify specifically, through compliance with LR 15.1, what new claims and facts should be added. Based on these procedural errors alone, Plaintiff's Motion to Amend should be denied. However, in addition to the deficiencies identified above, Defendants argue that allowing Plaintiff to amend would be futile because Plaintiff has again failed to state a claim upon which relief can be granted with the exception of the § 1983 claim against Defendant Parry based on an alleged Fourth Amendment violation during a traffic stop. The Court agrees. Accordingly, Plaintiff's Motion to Amend Complaint (Doc. 53) is denied.

## III.    Whether the Court Should Stay this Case

Plaintiff also requests that the Court stay this case so that he can submit a request to the United States Attorney General for an investigation into this matter. Plaintiff fails

- 4 -

to explain what effect such an investigation would have on this case, the reason this case needs to be stayed for such investigation, and fails to cite to any law justifying such a stay. Accordingly, Plaintiff's Request for Stay (Doc. 50) and Request for Stay Supplemental (Doc. 51) are denied.

### IV.   Plaintiff's Motion for Leave to File Compact Disk

Plaintiff requests leave to submit a compact disk to the Court containing "evidence," and "motions and various filings" relating to a criminal case in Maricopa County Superior Court. It appears that Plaintiff wants the Court to review such "evidence" in determining whether Plaintiff has stated a claim upon which relief can be granted in his proposed amended complaint. However, absent specific exceptions, the Court will not consider evidence or documents beyond the allegations contained in the proposed amended complaint. *See Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990) (amended decision). Accordingly, Plaintiff's Motion for Leave to File Compact Disk (Doc. 61) is denied.

### V.   Conclusion

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion for Extension of Time to Amend (Doc. 44) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Reconsideration (Doc. 48; Doc. 49) are denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motions to Stay (Doc. 50; Doc. 51) are denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend Complaint (Doc. 53) is denied.

///

//

/

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Leave to File (Doc. 61) is denied.

Dated this 31st day of October, 2012.

James A. Teilborg
United States District Judge