**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cristobal Hernandez, Jr., <br><br> Plaintiff, <br><br> v. <br><br> Janice K. Brewer, Governor of the State of Arizona, in her official capacity; et al., <br><br> Defendants. | No. CV-11-01945-PHX-JAT <br><br> **ORDER** |

Pending before this Court is that part of Plaintiff's Request for Change of Venue that is a request for recusal of the Honorable James A. Teilborg (Doc. 83). In this Motion, signed under penalty of perjury, Plaintiff asserts that his case should be reassigned to another judge because, in informing the Plaintiff that if he did not participate in discovery his case could be dismissed, Judge Teilborg made an "unsolicited and premature threat of dismissal," described the Plaintiff as "uncooperative" and unfairly takes the Defendants' position. None of these arguments have merit. Therefore, for the reasons further explained below, the motion is denied.

**ANALYSIS**

Two statutes govern whether a federal judge must recuse in a particular case. The first, 28 U.S.C. § 144 states:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge

> shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, . . . A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144 (2006).

The second statute 28 U.S.C. § 455 (2006) further specifies:

> (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> (b) He shall also disqualify himself in the following circumstances:
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

28 U.S.C. § 455 (2006).

In interpreting these statutory provisions the Supreme Court has determined that a court's judicial rulings "almost never" constitute a valid basis for a motion to disqualify. This is because "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *United States v. Liteky,* 510 U.S. 540, 555 (1994). Thus, statements made in ruling on particular motions establish bias only in extremely rare circumstances. "[E]xpressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men, and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration – even a stern and short-tempered judge's ordinary efforts at courtroom administration – remain immune." *Id*. at 555-56.

The moving party bears the burden of proving facts sufficient to justify recusal. And, the mere filing of an affidavit of disqualification pursuant to 28 U.S.C. § 144, even though such an affidavit was not filed here, does not amount to sufficient proof. First, pursuant to the terms of the statute, the Court must determine whether the claims of bias in the statute are legally sufficient before determining that the Court "shall proceed no further" on the movant's case. The statute "must be given the utmost strict construction to safeguard the judiciary from frivolous attacks upon its integrity and to prevent abuse and insure the orderly functioning of the judicial system." *Rademacher v. City of Phoenix*, 442 F. Supp. 27, 29 (D. Ariz. 1977) (citations omitted). Allegations that are merely conclusory are not legally sufficient. *United States v. $292,888.04 U.S. Currency*, 54 F.3d 564, 566 (9th Cir. 1995); *United States v. Vespe*, 868 F.2d 1328, 1340 (3d. Cir. 1989).

### 1. Allegations of actual or apparent prejudice

On October 29, 2012, Plaintiff was served with discovery requests from Defendant(s). Three days later, in the hope of appealing some of the Court's previous adverse rulings, Plaintiff requested the entry of a Rule 54(b) judgment. Thereafter, the Plaintiff filed a notice with the Court see Doc. 76, that stated "Plaintiff will forego any disclosure until he receives a decision by this Court" on his request for entry of judgment. The Court subsequently entered an order advising the Defendant that "Plaintiff's decision not to participate in discovery is not supported by any legal authority and Plaintiff is warned that, if he continues to refuse to participate in discovery, the Court will dismiss this case for failure to participate in discovery, and for failure to prosecute pursuant to

- 3 -

Federal Rules of Civil Procedure 37(b) and 41(b)."

In its order the Court merely advises the Plaintiff of the ultimate consequences of his announced determination to "forego any disclosure until he receives a decision by this Court." Plaintiff's attempt to otherwise characterize the Court's order as indicating some form of bias sufficient to warrant recusal is both meritless and unavailing.

Plaintiff also asserts in his motion that he is disturbed with the Court's analysis of issues of absolute or qualified immunity and with "his ruling regarding Plaintiff's Notice of Claims and Statute of Limitations." In his motion, the Plaintiff then argues at some length the merits of these issues. Nevertheless, it is not apparent to the Court whether the Plaintiff complains about rulings made by judges of the state superior court system or Judge Teilborg. Regardless, as the Supreme Court has already made clear "opinions formed by the judge on the basis of facts introduced or events occurring in the course of . . . prior proceedings do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. They do not. Based on the forgoing, the Court has determined that neither 28 U.S.C. § 144 or 28 U.S.C. § 455 require or merit the recusal of Judge Teilborg in this case. Accordingly,

/ / /

/ / /

/ / /

/ / /

/ / /

- 4 -

**IT IS HEREBY ORDERED** denying Plaintiff's Motion for Change of Venue to the extent it requests the recusal of Judge Teilborg (Doc. 83).

Dated this 13th day of March, 2013.

*A. Murray Snow*
G. Murray Snow
United States District Judge