WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cristobal Hernandez, Jr.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Benjamin Parry,<br><br>　　　　　Defendant. | No. CV 11-1945-PCT-JAT<br><br>**ORDER** |

Pending before the Court are: (1) Plaintiff's Motion for Entry of Judgment under Rule 54(b) (Doc. 72); (2) Plaintiff's Motion for Leave to File (Doc. 75); (3) Plaintiff's Motion to Change Venue (Doc. 83); (4) Plaintiff's Motion to Expedite Rule 54(b) (Doc. 89); and (5) Defendant's Objection and Motion to Strike Doc. 89 (Doc. 90). The Court now rules on the Motions.

**I.   Plaintiff's Motion for Entry of Judgment under Rule 54(b) (Doc. 72)[1]**

On October 5, 2011, Plaintiff filed a Complaint in this Court. On December 20, 2011, Plaintiff filed an Amended Complaint. The Amended Complaint was eighty-three pages and contained twenty-two Counts as alleged against sixteen Defendants. Defendants then filed Motions to Dismiss. In its ruling on the Motions to Dismiss, the

---

[1] Plaintiff requested leave to file additional pages to exhibits to Plaintiff's Motion for Entry of Judgment under Rule 54(b). Defendant did not respond or otherwise object to the request. Accordingly, Plaintiff's Motion for Leave to File (Doc. 75) is granted. The additional pages attached to the Motion for Leave to File are deemed exhibits to Plaintiff's Motion for Entry of Judgment under Rule 54(b) as requested in Plaintiff's Motion for Leave to File.

Court found that the claims in Plaintiff's Complaint fell into roughly three categories: (1) alleged violations of criminal statutes, (2) section 1983 claims; and (3) state law claims. As alleged by Plaintiff, each cause of action stemmed from a criminal investigation, which led to the civil forfeiture of Plaintiff's home. Although the Complaint focused on several different factual scenarios, according to Plaintiff, each of cause of action arose because of a civil conspiracy between Defendants against Plaintiff. The Court granted the Motions to Dismiss and dismissed all Counts and all Defendants with the sole exception of part of Count 7, wherein Plaintiff alleged a §1983 claim against Defendant Parry based on an alleged Fourth Amendment violation during a traffic stop. (Doc. 42).

Pursuant to Federal Rule of Civil Procedure 54(b), Plaintiff requests that the Court deem its July 9, 2012 Order granting Defendants' Motions to Dismiss to be a final judgment.

Rule 54(b) of the Federal Rules of Civil Procedure provides:

> When an action presents more than one claim for relief-- whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). In determining whether granting a Rule 54(b) request is appropriate,

> [a] district court must first determine that it is dealing with a "final judgment." It must be a "judgment" in the sense that it is a decision upon a cognizable claim for relief, and it must be "final" in the sense that it is "an ultimate disposition of an

- 2 -

> individual claim entered in the course of a multiple claims action."
>
> Once having found finality, the district court must go on to determine whether there is any just reason for delay. Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims. The function of the district court under the Rule is to act as a "dispatcher." It is left to the sound judicial discretion of the district court to determine the "appropriate time" when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised "in the interest of sound judicial administration."
>
> Thus, in deciding whether there are no just reasons to delay the appeal of individual final judgments . . . a district court must take into account judicial administrative interests as well as the equities involved. Consideration of the former is necessary to assure that application of the Rule effectively "preserves the historic federal policy against piecemeal appeals."

*Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 7-8 (1980) (internal citations omitted).

While the July 9, 2012 Order granting Defendants' Motions to Dismiss could certainly constitute a final judgment on some of Plaintiff's claims as contemplated by Rule 54(b), the Court finds that Plaintiff has failed to show there is no just reason for delaying an appeal of those claims. Plaintiff argues that a denial of the Rule 54(b) certification, and the progression of the trial on the remaining claim, risks the expense of a second trial if the Ninth Circuit reverses and remands on any of the dismissed claims. The Court finds that such a risk does not outweigh the interest in the timely resolution of the remaining claims and the avoidance of piecemeal appeals. A stay of the remaining claim will delay resolution of that claim by years and, by the mere passage of time alone, will increase the complexity and expense of litigating the remaining claim at the trial court level. Further, granting certification will create two separate appeal tracks and will

- 3 -

increase the complexity and expense of this litigation at the appellate level.

Accordingly, the Court cannot conclude that there is no just reason for delay and Plaintiff's Motion for Entry of Judgment under Rule 54(b) (Doc. 72) is denied.  Further, Plaintiff requested that the Court expedite ruling on his Motion for Entry of Judgment under Rule 54(b).  Plaintiff's Motion to Expedite Rule 54(b) (Doc. 89) is denied as moot.

## II.     Plaintiff's Motion to Change Venue (Doc. 83)

Plaintiff requests a change of venue.  Plaintiff argues that, because his claims were brought against "Defendant Attorneys and Defendant Investigators of the Arizona Attorney General's Office, the Pinal County Attorney's Office and the Pinal County Sherriff's Office," "[j]ustice cannot be served in this present venue as the Attorneys involved have established many working relationships with Judges and employees within the County and Federal Courts system."  (Doc. 83 at 2-3).   Plaintiff argues that a change of venue is appropriate because the undersigned has shown a personal bias or prejudice against Plaintiff.

Because part of Plaintiff's Motion to Change Venue is a motion for recusal of the undersigned, the undersigned referred that part of the Motion to District Court Judge Snow, who was chosen by the Clerk of the Court to decide the Motion by random draw, pursuant to 28 U.S.C. § 144 (Doc. 107).  Judge Snow then denied the request for recusal, finding that Plaintiff's reasons for recusal were without merit.  (Doc. 109).

With regard to Plaintiff's request to change venue, Defendant argues that Plaintiff has failed to cite to any reason to change venue.  Defendant further requests sanctions against Plaintiff for having to respond to various motions filed by Plaintiff, including the Motion for Change of Venue, which Defendant argues are frivolous.

Pursuant to 28 U.S.C.A. section 1404(a),

> **(a)** For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been

- 4 -

>brought or to any district or division to which all parties have consented.

28 U.S.C.A. § 1404(a).

In ruling on a motion to transfer, the Court may consider the following factors to determine whether transfer is appropriate: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." *Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498 (9th Cir. 2000).

Plaintiff has failed to address any of these factors in his motion. Rather, Plaintiff argues that the interests of justice require transfer of venue because the undersigned and every judge within this Court are inherently biased and prejudiced against Plaintiff. Plaintiff argues that this contention is supported by the undersigned's adverse rulings against Plaintiff in this case. As reasoned by Judge Snow, Plaintiff has not shown any meritorious reason for the recusal of the undersigned. As such, Plaintiff has failed to demonstrate that transfer of venue is necessary for the interests of justice.

Based on the foregoing, Plaintiff's Motion to Change Venue (Doc. 83) is denied. Further, Defendant's request for sanctions is denied.

**III.   Defendant's Objection and Motion to Strike Doc. 89 (Doc. 90).**

On December 10, 2012, Plaintiff filed a "Notice" with the Court. Defendant argues that the Notice should be stricken from the Record because it violates this Court's October 31, 2012 Order (Doc. 71).

Due to Plaintiff's repeated filing of duplicative motions on the same subject matter, in its October 31, 2012 Order, the Court ordered Plaintiff to limit any issue he

- 5 -

wished to bring to the Court's attention to one motion. (Doc. 71). Plaintiff's December 10, 2012 Notice appears to be an attempt to again request reconsideration of this Court's July 9, 2012 Order granting Defendants' Motions to Dismiss. The Court has previously denied reconsideration of its July 9, 2012 Order. (Doc. 71). Plaintiff's December 10, 2012 Notice merely recites facts relating to the previously dismissed claims and does not provide any reason for the Court to reconsider its prior Order. As such, the Motion constitutes another Motion for Reconsideration for the same reasons already brought to the Court's attention in Plaintiff's other motions for reconsideration and violates the Court's October 31, 2012 Order. Accordingly, Defendant's Objection and Motion to Strike Doc. 89 (Doc. 90) is granted.

### IV.   Conclusion

**IT IS ORDERED** that Plaintiff's Motion for Leave to File (Doc. 75) is granted.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Entry of Judgment under Rule 54(b) (Doc. 72) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Expedite Rule 54(b) (Doc. 89) is denied as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Change Venue (Doc. 83) is denied. **IT IS FURTHER ORDERED** that Defendant's request for sanctions is denied.

**IT IS FURTHER ORDERED** that Defendant's Objection and Motion to Strike Doc. 89 (Doc. 90) is granted. The Clerk of the Court shall strike Doc. 89 from the Record.

Dated this 15th day of March, 2013

_____
James A. Teilborg
Senior United States District Judge