1  WO

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8
   Cristobal Hernandez, Jr.,                     No. CV 11-1945-PCT-JAT
9
                       Plaintiff,                 **ORDER**
10
   v.
11
   Benjamin Parry,
12
                       Defendant.
13

14           Pending before the Court are: (1) Plaintiff's Motion for Reconsideration (Doc.

15   113); (2) Defendant's Motion for Summary Judgment (Doc. 115); (3) Plaintiff's Motion

16   to File Supplement (Doc. 122); (4) Defendant's Motion to Strike (Doc. 127); (5)

17   Plaintiff's Request for Leave to File Amended Response (Doc. 128); (6) Defendant's

18   Motion to Strike (Doc. 133); (7) Plaintiff's Request for Leave to File Rule 60(b)(4) Relief

19   from Judgment (Doc. 134); (8) Plaintiff's request that the Court review exhibits (Doc.

20   140); (9) Defendant's Motion to Strike (Doc. 150); (10) Plaintiff's Request for Leave to

21   File Letter (Doc. 154); (11) Plaintiff's Request for Leave to File Exhibit 1 and 2 (Doc.

22   161); (12) Plaintiff's Request for Telephonic Call (Doc. 164); and (13) Plaintiff's Motion

23   to Withdraw Request for Telephonic Call and Leave to File for Consideration based on

24   Ninth Circuit Decisions (Doc. 165).

25   **I.      Plaintiff's Motion for Reconsideration (Doc. 113)**

26           On July 9, 2012, in a reasoned Order, the Court granted Defendants' Motion to

27   Dismiss twenty-one counts of Plaintiff's twenty-two count Amended Complaint.  (Doc.

28   42).   Since the Court's ruling on Defendants' Motion to Dismiss, Plaintiff has filed

various motions for reconsideration and objections to that Order.  Plaintiff's primary argument in each of the motions for reconsideration is that the Court wrongly decided the issues raised by the Motion to Dismiss.

On March 15, 2013, in a reasoned Order, the Court denied Plaintiff's Motion for Rule 54(b) certification of its Order granting the Motion to Dismiss.  (Doc. 110).  In that same Order, the Court also denied Plaintiff's Motion for Change of Venue.  (*Id.*).  Plaintiff now seeks reconsideration of that Order.  (Doc. 113).  Plaintiff's basis for reconsideration is that the Court's Order granting the Motion to Dismiss was wrongly decided.  Plaintiff's belief that the Order granting the Motion to Dismiss was wrongly decided is not a basis for reconsideration of this Court's Order denying Rule 54(b) certification.  As a result, Plaintiff's Motion for Reconsideration (Doc. 113) is denied.

In the alternative, Plaintiff requests that the Court explain how the Court "developed its finding with regards to absolute or qualified immunity" in its Order granting Defendants' Motion to Dismiss.  (Doc. 113 at 6).  The Court's legal analysis is contained in the Court's Order granting Defendants' Motion to Dismiss.  To the extent Plaintiff disagrees with the Court's analysis, Plaintiff may appeal that decision at the proper time.  To the extent Plaintiff seeks legal advice explaining the Court's analysis, Plaintiff must consult an attorney, as it is not appropriate for this Court to act as Plaintiff's legal counsel in this case.  Accordingly, Plaintiff's alternative request that the Court provide Plaintiff a more detailed explanation of its Order granting Defendants' Motion to Dismiss is denied.

## II.    Plaintiff's Motion to File Supplement (Doc. 122)

On April 15, 2013, Plaintiff filed a "Request for Leave to File Supplemental to Objection for Summary Judgment."  (Doc. 122).  In his Request, Plaintiff argues that Defendant's April 10, 2013 Sixth Supplemental Disclosure Statement revealed new information, making it necessary for him to supplement his response to Defendant's

Motion for Summary Judgment.

In Response, Defendant argues that the Request for Leave and the supplemental to the objection should be denied because it is not in compliance with the Federal Rules of Civil Procedure and this Court's local rules governing motions for summary judgment.

The Court agrees with Defendant that the "Supplemental to Objection" is in violation of this Court's local rules and is an unauthorized sur-reply. Although Plaintiff is proceeding pro se, this Court has repeatedly warned Plaintiff that he must comply with the Federal Rules of Civil Procedure and this Court's local rules. This warning has gone unheeded. Plaintiff's complete disregard for this Court's prior Orders and his insistence on driving up the costs of this litigation are troubling to say the least.

The Court will nonetheless consider the Supplemental to Objection for Summary Judgment (Doc. 122 at 5-41) in ruling on the Motion for Summary Judgment. Accordingly, Plaintiff's Motion to File Supplement (Doc. 122) is granted to the extent that the Court will consider the Supplemental to Objection for Summary Judgment (Doc. 122 at 5-41) in ruling on the Motion for Summary Judgment.

### III.    Defendant's Motion to Strike (Doc. 127)

On April 22, 2013, Plaintiff filed a "Notice." (Doc. 126). In his "Notice," Plaintiff stated his intention to file a "Motion Requesting Leave to Amend his Response to Defendant Parry's Motion for Summary Judgment." Defendant moves to strike this "Notice" as an unauthorized sur-reply. It is unclear why Plaintiff filed the "Notice." The Notice itself is not a Court Order and does not require the Court to give Plaintiff leave to amend his response to the Motion for Summary Judgment. Moreover, the Notice does not appear to be responsive to the Motion for Summary Judgment. Likewise, the Notice is not a motion to the Court. Accordingly, the Court is unaware of what purpose Plaintiff believes this Notice serves and the Notice will not be considered to be a response to the Motion for Summary Judgment. However, Defendant's Motion to Strike the Notice

- 3 -

(Doc. 127) is denied.

### IV.    Plaintiff's Request for Leave to File Amended Response (Doc. 128) and Defendant's Motion to Strike (Doc. 133)

On April 28, 2013, Plaintiff filed a "Request for Leave to File Amended Response." (Doc. 128).   To this Request, Plaintiff attached an Amended Response to Defendant Parry's Separate Statement of Facts in Support of his Motion for Summary Judgment.  Plaintiff argues that this "Amended Response" should be considered because it purportedly corrects the deficiencies in Plaintiff's original responses identified by Defendant in his Reply in Support of his Motion for Summary Judgment.

In Response, Defendant argues that the Request for Leave and the proposed amended response should be denied because they violate a Court Order, are unauthorized sur-replies to the Motion for Summary Judgment, and are not supported by good cause.

The Court agrees with Defendants that the Amended Response is in violation of this Court's local rules and there is no good cause to file an Amended Response.  The Amended Response is Plaintiff's attempt to fix the deficiencies in his original response that were identified by Defendant in his Reply in Support of his Motion for Summary Judgment.  Although Plaintiff is proceeding is pro se, this Court has repeatedly warned Plaintiff that he must comply with the Federal Rules of Civil Procedure and this Court's local rules.  This warning has gone unheeded.  Plaintiff's complete disregard for this Court's prior Orders and his insistence on driving up the costs of this litigation are troubling to say the least.

The Court will nonetheless consider the Amended Response to Defendant Parry's Separate Statement of Facts (Doc. 128 at 13-35) in ruling on the Motion for Summary Judgment.  Accordingly, Plaintiff's Request for Leave to File Amended Response (Doc. 128) is granted to the extent that the Court will consider the Amended Response to Defendant Parry's Separate Statement of Facts (Doc. 128 at 13-35) in ruling on the

- 4 -

1    Motion for Summary Judgment.

2          Defendant moves to strike Plaintiff's Reply in Support of his Request for Leave to

3    File an Amended Response (Doc. 130).   Defendant argues that the Reply is another

4    unauthorized sur-reply to the Motion for Summary Judgment.   However, the reply is a

5    Reply in Support of Plaintiff's Request to Amend and will not be considered to be a

6    response and/or sur-reply to the Motion for Summary Judgment.   Plaintiff was acting

7    within the rules when he filed a timely reply in support of his Request for Leave to File

8    an Amended Response.   Accordingly, Defendant's Motion to Strike (Doc. 133) is denied.

### V.    Plaintiff's Request for Leave to File Rule 60(b)(4) Relief from Judgment (Doc. 134)

11          On May 24, 2013, Plaintiff filed a "Request [sic] Leave to File Rule 60(b)(4)

12   Relief from Judgment" (Doc. 134).   In his Motion for Relief from Judgment, Plaintiff

13   seeks relief pursuant to Federal Rules of Civil Procedure 60(b)(1), (4), and (6).

14   Plaintiff's Motion appears to be premised on his belief that this Court's Order striking his

15   amended complaint was in error because Plaintiff filed his amended complaint within the

16   deadline for filing **motions** to amend the complaint as set forth in the Rule 16 Scheduling

17   Order.   (Doc. 134 at 7).   Plaintiff's motion then transitions into another response to

18   Defendant's Motion for Summary Judgment.   To the extent Plaintiff's Motion for Relief

19   from Judgment is intended to be a response to Defendant's Motion for Summary

20   Judgment, the arguments made in the Motion for Relief from Judgment will not be

21   considered in ruling on Defendant's Motion for Summary Judgment.

22          To the extent Plaintiff's Motion for 60(b)(4) Relief is a Motion for

23   Reconsideration of the Court's Order striking Plaintiff's Amended Complaint, the Motion

24   is denied.   In an Order of September 28, 2012, the Court struck an Amended Complaint

25   filed by Plaintiff because Plaintiff filed the Amended Complaint without leave of Court

26   in violation of Federal Rule of Civil Procedure 15(b)(2) and LRCiv. 15.1.   (Doc. 67).

27

28                                         - 5 -

Plaintiff argues that, when the Court set a deadline by which all **motions** to amend the complaint should be filed at the Rule 16 Scheduling Conference, Plaintiff considered the setting of that deadline on which **motions** to amend were due to be implicit permission to file any amended complaint before that deadline without seeking further leave of Court.

Plaintiff argues that "[o]n September 10, 2012, during a Scheduling Conference this Court said, '*Any motion to amend the complaint would be due by September 30*'. . . . Plaintiff did not request leave, as the Court had given permission to file an amended complaint during the September 10, 2012, Scheduling Conference." (Doc. 134) (emphasis in original). Plaintiff acknowledges that the Court stated that any **motion** to amend would be due by September 30 and then concludes that statement somehow resulted in allowing Plaintiff to file an amended complaint without first filing a **motion** to amend. Plaintiff's unwarranted conclusion is simply incorrect and is not a basis for relief pursuant to Federal Rules of Civil Procedure 60(b)(1), (4), or (6).

Moreover, although the Court struck Plaintiff's Amended Complaint, the Court also later considered Plaintiff's Motion to Amend on the merits and denied it. (Doc. 71 at 4). Accordingly, Plaintiff's Request for Leave to File Rule 60(b)(4) Relief from Judgment (Doc. 134) is denied.

## VI.     Plaintiff's request that the Court review exhibits (Doc. 140)

On June 14, 2013, Plaintiff filed a "Declaration." The Declaration states that Plaintiff has come to the conclusion that the undersigned is "demonstrating bias." (Doc. 140 at 2). Plaintiff then requests that the undersigned "personally review the attached exhibits and advised [sic] how absolute or qualified immunity applies." (Doc. 140 at 3). This "declaration" is yet another motion for reconsideration of this Court's Order granting Defendants' motion to dismiss. As the Court stated above, to the extent Plaintiff disagrees with the Court's analysis, Plaintiff may appeal that decision at the proper time. To the extent Plaintiff seeks legal advice explaining the Court's analysis, Plaintiff must

- 6 -

consult an attorney, as it is not appropriate for this Court to act as Plaintiff's legal counsel in this case.  Accordingly, Plaintiff's request that the Court review exhibits (Doc. 140) is denied.

### VII.    Defendant's Motion to Strike (Doc. 150)

On July 3, 2013, Defendant filed a Notice of Service of 7th Supplement Disclosure Statement (Doc. 148).  Plaintiff then filed a "Response" to the Notice of Service.  (Doc. 149 at 1).  The response appears to raise various discovery disputes. Defendant moves to strike the response as a violative of the Court's Rule 16 Scheduling Order, which requires the Parties to contact the Court to arrange for a discovery dispute hearing and to obtain leave from the Court before filing written motions regarding discovery disputes.  The Court agrees that the Response to the Notice of Service is a discovery dispute filed without leave of Court and is, thus, in violation of this Court's Rule 16 Scheduling Order.   (Doc. 64 at 4).  Accordingly, Defendant's Motion to Strike (Doc. 150) is granted.

### VIII.  Plaintiff's Request for Leave to File Letter (Doc. 154)

Plaintiff requests that a letter Plaintiff wrote be submitted into the record.  There is no basis for Plaintiff to file evidence into the record absent an appropriate procedural vehicle, such as attached as an exhibit to a Motion for Summary Judgment.  Accordingly, Plaintiff's Request for Leave to File Letter (Doc. 154) is denied.

### IX.    Plaintiff's Request for Leave to File Exhibit 1 and 2 (Doc. 161)

Plaintiff seeks leave to file two exhibits that Plaintiff "inadvertently left out of Doc 160."   (Doc. 161).  Doc. 160 is a document entitled "Supplemental Based on Court of Appeals, August 8, 2013 Opinion."  Plaintiff's "Supplemental" (Doc. 160) appears to be another Motion for Reconsideration of this Court's Order granting Defendants' Motion to Dismiss.  Plaintiff's Motion for Reconsideration is untimely, is a violation of this Court's prior Orders, and is without merit as discussed in the Court's prior Orders ruling on

- 7 -

Plaintiff's various motions for reconsideration of the Court's Order granting Defendant's Motion to Dismiss.  Accordingly, Plaintiff's Request for Leave to File Exhibit 1 and 2 (Doc. 161) is denied.

### X.   Plaintiff's Request for Telephonic Call (Doc. 164) and Plaintiff's Motion to Withdraw Request for Telephonic Call and Leave to File for Consideration based on Ninth Circuit Decisions (Doc. 165)

On August 20, 2013, Plaintiff filed a document entitled "Request Telephonic Conference Call."  On August 22, 2013, Plaintiff withdrew his request for a telephonic conference call.  (Doc. 165 at 2).  Accordingly, Plaintiff's Request for Telephonic Call (Doc. 164) is denied as moot.

On August 22, 2013, Plaintiff filed another Motion for Reconsideration of this Court's Order granting Defendants' Motion to Dismiss.   Plaintiff's Motion for Reconsideration is untimely, is a violation of this Court's prior Orders, and is without merit as discussed in the Court's prior Orders ruling on Plaintiff's various motions for reconsideration of the Court's Order granting Defendant's Motion to Dismiss. Accordingly, Plaintiff's Motion to Withdraw Request for Telephonic Call and Leave to File for Consideration based on Ninth Circuit Decisions (Doc. 165) is denied.

### XI.   Defendant's Motion for Summary Judgment (Doc. 115)

On March 26, 2013, Defendant Parry filed a Motion for Summary Judgment (Doc. 115).  On April 2, 2013, Plaintiff filed a Response to the Motion for Summary Judgment (Doc. 118).  On April 19, 2013, Defendant filed a Reply in Support of his Motion for Summary Judgment (Doc. 123).  On July 11, 2013, Plaintiff then filed a "Notice" regarding Defendant Parry's Motion for Summary Judgment (Doc. 151)[1] and, on August

---

[1]    The majority of Plaintiff's argument in his "Notice" (Doc. 151) is another Motion for Reconsideration of this Court's Order granting Defendants' Motion to Dismiss.  The Court will only consider this Notice to the extent it supports Plaintiff's opposition to Defendant Parry's Motion for Summary Judgment.

1, 2013, another Response to Defendant Parry's Motion for Summary Judgment (Doc. 158).  Moreover, as discussed above, Plaintiff has also filed a Supplemental to Objection for Summary Judgment (Doc. 122 at 5-41) and an Amended Response to Defendant Parry's Separate Statement of Facts (Doc. 128 at 13-35).  Accordingly, Plaintiff has filed a total of five responses to the Motion for Summary Judgment, four of which were untimely filed after Defendant Parry filed his Reply in Support his Motion for Summary Judgment.

Moreover, Plaintiff's various responses fail to comply with Federal Rule of Civil Procedure 56 and LRCiv 56.1 in nearly every conceivable way.  Although Plaintiff is proceeding pro se, there is no excuse for Plaintiff's failure to follow the Federal Rules of Civil Procedure and this Court's local rules.  The Court has repeatedly warned Plaintiff that he must follow the rules and that failure to follow the rules could result in dismissal of Plaintiff's case.  (*See* Doc. 67 at 1-2; Doc. 71 at 1-2; Doc. 81 at 1).

Indeed, Plaintiff has previously argued in this case that his ignorance of the law excuses his inability to follow this Court's rules.  (*See* Doc. 71 at 2).  At that time, the Court specifically reminded Plaintiff that "he is subject to the same rules and limitations placed on attorneys and that he will not be granted immunity from the rules merely because he is proceeding pro se."  (*Id.* at 2 (internal citations omitted)).  As a result, Plaintiff should not be surprised that he is required to follow the Federal Rules of Civil Procedure and this Court's local rules.  As noted above, Plaintiff's complete disregard for this Court's prior Orders, the rules of Court, and his insistence on driving up the costs of this litigation are troubling and cause significant prejudice to Defendant.

Nonetheless, while the Ninth Circuit Court of Appeals has repeatedly warned that "[p]ro se litigants must follow the same rules of procedure that govern other litigants," *see, e.g., King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), the Court of Appeals has also stated that, when a plaintiff is proceeding pro se, "in evaluating his compliance with the

- 9 -

technical rules of civil procedure, [the court] treat[s] him with great leniency." *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986). Accordingly, the Court will evaluate all five of Plaintiff's "responses" to Defendant's Motion for Summary Judgment in deciding whether summary judgment is appropriate.[2]

### A.    Legal Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support that assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits, or declarations, stipulations . . . admissions, interrogatory answers, or other materials," or by "showing that materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *Id.* at 56(c)(1)(A)&(B). Thus, summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Initially, the movant bears the burden of pointing out to the Court the basis for the motion and the elements of the causes of action upon which the non-movant will be unable to establish a genuine issue of material fact. *Id.* at 323. The burden then shifts to the non-movant to establish the existence of material fact. *Id.* The non-movant "must do

----

[2]    The Court notes that, throughout Plaintiff's responses, he repeatedly accuses Defendant of withholding discovery. These assertions are wholly unsupported by Plaintiff and have not been brought to the Court through the appropriate discovery dispute procedures outlined in the Court's Rule 16 Scheduling Order and as explained at the Rule 16 Scheduling Conference. Accordingly, the Court will not further address Plaintiff's arguments related to the insufficiency of discovery.

more than simply show that there is some metaphysical doubt as to the material facts" by "com[ing] forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (quoting Fed. R. Civ. P. 56(e) (1963) (amended 2010)).  A dispute about a fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In the summary judgment context, the Court construes all disputed facts in the light most favorable to the non-moving party.  *Ellison v. Robertson*, 357 F.3d 1072, 1075 (9th Cir. 2004).

### B.    Analysis

The only remaining Count of Plaintiff's Amended Complaint (Doc. 16)[3] is Count 7, wherein Plaintiff alleges a § 1983 claim against Defendant Parry based on an alleged Fourth Amendment violation during a traffic stop.  (Doc. 16).  Defendant Parry now moves for summary judgment on Count 7.

On October 6, 2009 at around 9:00 a.m., Deputy Parry received a telephone call from a supervisor of the Narcotics Unit regarding a white Chevy truck moving between Arizona City and Casa Grande.  (Doc. 116 at ¶ 1).  The white Chevy truck was a possible vehicle of interest in a drug trafficking investigation.  (*Id.*).  At around 9:34 a.m., Deputy Parry observed a vehicle matching the description of the vehicle of interest with an inoperable brake light and performed a traffic stop.  (*Id.* at ¶ 2).[4]  As Deputy Parry approached the driver's side window, Plaintiff was holding his driver's license, insurance

---

[3]   Doc. 15 is also labeled "Amended Complaint" and appears to be an incomplete version of Doc. 16.  Therefore, the operative complaint is the Amended Complaint at Doc. 16.

[4]   In Response to a Request for Admission, Plaintiff stated that he did not know whether the brake light was inoperable and that only Defendant Parry could answer that question.  (Doc. 116 at ¶ 3).  In that Response, Plaintiff also admitted that, after the traffic stop, "the brake light sometimes functioned.  Plaintiff eventually changed the right rear brake line harness."  (Doc. 125 at ¶ 11).

card, and registration out of the driver's side window.  (*Id.* at ¶ 4).[5]  Deputy Parry took Plaintiff's documents and explained to Plaintiff that he was stopped because of an inoperable right brake light.  (*Id.* at ¶ 5).  Plaintiff responded, "Yes, sir. Sorry, sir" and Deputy Parry observed that Plaintiff appeared nervous by a tremble in Plaintiff's voice and Plaintiff's failure to make eye contact.  (*Id.*).

Deputy Parry ran a driver's license and registration check and learned that Plaintiff's driver's license and registration were valid, but that his insurance was cancelled.  (*Id.* at ¶ 6).  After writing the citation for cancelled insurance, Deputy Parry asked Plaintiff to step out of the vehicle and explained the citation.  (*Id.* at ¶ 7).  Plaintiff continued to say "Yes, sir. Sorry, sir," while looking at the ground.  (*Id*).  Plaintiff signed the citation and was given a copy of the citation, along with the return of his license and registration.  (*Id.*).

Deputy Parry asked Plaintiff if he could speak with him and Plaintiff said "Yes, sir."  (*Id.* at ¶ 8).  Deputy Parry told Plaintiff that Plaintiff's body language and trembling made the Deputy nervous.  (*Id.*).  Deputy Parry asked Plaintiff if he had any contraband in the vehicle and Plaintiff said "no."  (*Id.*).  Deputy Parry asked for permission to search the vehicle and Plaintiff said "no."  (*Id.*).  Deputy Parry observed that Plaintiff's tone had changed and Plaintiff had become more aggressive.  (*Id.*).  Plaintiff raised his voice and demanded a supervisor and canine certification records.  (*Id.*).  Plaintiff told Deputy Parry that Plaintiff was an ex-federal agent and claimed he was being mistreated.  (*Id.*).  Deputy Parry explained that he was deploying a K-9 on a free air sniff around the exterior of the vehicle.  (*Id.*).

At the time of the stop, Deputy Parry was a Canine Handler of the departmental

---

[5]  Plaintiff argues that he was not holding this information out of the window and that it was kept in a white envelope above his visor.  However, this dispute does not meaningfully change the Court's analysis and, as such, is not material.

- 12 -

canine, "Grace," for the Pinal County Sheriff's Office.  (*Id.* at ¶13).  He was Grace's handler from the summer of 2004 to approximately February or March of 2010, when Grace retired. (*Id.*).  Deputy Parry routinely trained with Grace and one entire shift per week was dedicated to drug detection training with Grace. (*Id.*).  Grace's performance met the criteria to become certified in narcotics detention [including the odors of marijuana, cocaine, heroin, and methamphetamine].  (*Id.*).  Grace was certified through the National Police Canine Association and National Narcotic Detector Dog Association. (*Id.*).

Grace sniffed the exterior of the vehicle and gave a positive odor indication at the open driver's window.  (*Id.* at ¶ 9).  Deputy Parry, believing he had probable cause, began to search the vehicle.  (*Id.*).  Deputy Parry saw a soft black briefcase on the front seat, which had two pockets open.  (*Id.*).  Deputy Parry observed $1,000 in loose currency in the pockets.  (*Id.*).  Deputy Parry found no contraband in the vehicle.  (*Id.* at ¶ 9).  Plaintiff told Deputy Parry that he was driving a work truck and the cash was for payments from rental property.  (*Id.*).

Plaintiff repeatedly called Deputy Parry a liar and demanded a supervisor.  (*Id.*).  When Deputy Parry began writing down contact information for his supervisor, Plaintiff stated he did not want it.  (*Id*).  Deputy Parry thought that Plaintiff's behavior was escalating and Deputy Parry warned Plaintiff about causing a disturbance to passing motorists. (*Id.*).  Deputy Parry called his supervisor regarding the results of the K-9 sniff and was instructed to cite and release Plaintiff for having no insurance.  (*Id.* at ¶ 10).  Plaintiff was cited for an insurance violation and released.  (*Id.* at ¶ 11).

The traffic stop lasted for approximately twenty-nine minutes.  (*Id.* at ¶ 12).

Defendant argues that he is entitled to summary judgment on Plaintiff's § 1983 claim based on an alleged Fourth Amended violation during the traffic stop.  Defendant argues that he is entitled to summary judgment because (1) he had reasonable suspicion

to make an investigative traffic stop when he observed Plaintiff's inoperable brake light; (2) the twenty-nine minute stop was reasonably needed to effectuate the purposes of the stop, including checking Plaintiff's license, registration, and insurance, to perform a canine free air sniff after Plaintiff behaved unusually, and to search Plaintiff's car once there was probable cause; (3) Defendant's request to speak with Plaintiff, after the issuance of the citation, was lawful and did not require reasonable suspicion of drug trafficking; (4) the use of the police canine to perform an exterior sniff did not transform a lawful investigatory stop into a lawful arrest; and (5) probable cause existed to search Plaintiff's vehicle.  Defendant Parry argues that he is entitled to qualified immunity and that Plaintiff's punitive damages claim must be dismissed.

Defendant first argues that his observance of Plaintiff's inoperable brake light provided reasonable suspicion to stop the vehicle.  A traffic violation can provide reasonable suspicion for a brief investigatory stop.  *U.S. v. Gutierrez-Mederos*, 965 F.2d 800, 803 (9th Cir. 1992).  Plaintiff argues that Defendant did not pull him over because his brake light was inoperable.  This argument is inconsistent with Plaintiff's response to Defendant's Request for Admission regarding whether the brake light was in operable at the time of the stop.  In Response to the Request for Admission, Plaintiff stated that he did not know whether the brake light was inoperable and that only Defendant Parry could answer that question.  (Doc. 116 at ¶ 3).  In that Response, Plaintiff also admitted that, after the traffic stop, "the brake light sometimes functioned.  Plaintiff eventually changed the right rear brake line harness."  (Doc. 125 at ¶ 11).

Nonetheless, Plaintiff argues that his response to Defendant's Request for Admission as to whether he had a defective brake light should not be used against him at the summary judgment stage because it was an attempt "to provoke a response from Plaintiff."  (Doc. 118 at 3 n.3).  Plaintiff is correct that Defendant's service of requests for admission on him was indeed an attempt to provoke a response from Plaintiff.

- 14 -

Indeed, Requests for Admission are specifically contemplated and allowed by Federal Rule of Civil Procedure 36.  Moreover, once Plaintiff makes an admission in response to a request for admission, it is "conclusively established."  Fed. R. Civ. P. 36(b).  Plaintiff may not now contradict his earlier admissions in an attempt to create an issue of fact solely to avoid summary judgment.  *See Kennedy v. Allied Mutual Ins. Co*., 952 F.2d 262, 266 (9th Cir. 1991) (when a party attempts to introduce "sham" testimony that flatly contradicts earlier testimony in an attempt to "create" an issue of fact and avoid summary judgment, the Court must not consider such "sham" testimony in ruling on the motion for summary judgment.).

Plaintiff also argues that Defendant Parry could not have seen the defective brake light from the position where he first witnessed Plaintiff's car.    (Doc. 128 at 3).  However, Plaintiff also admits that Deputy Parry followed him before initiating a stop.  (Doc. 118 at 6).  Plaintiff's speculative, self-serving and contradictory statements are not enough to establish a genuine issue of material fact.  Plaintiff himself admitted that his brake lights only worked intermittently and he did not know whether or not the brake light was working when Defendant Parry initiated the stop.  Defendant Parry avows that the brake light was not working and that avowal is undisputed.  Accordingly, the uncontradicted evidence in this Court's record shows that Defendant Parry initiated the traffic stop because Plaintiff had an inoperable brake light.  This violation provided probable cause for Defendant Parry to initiate a brief investigatory stop of Plaintiff.

As a result, there is no genuine disputed issue of material fact as to whether Defendant Parry had reasonable suspicion or probable cause to make a brief investigatory stop of Plaintiff.

Plaintiff also argues that the true purpose of the stop was so that Deputy Parry could seize large sums of money in connection with a drug trafficking organization.  However, even if this were true, the subjective motivation of a police officer is irrelevant

in cases such as this, where there is reasonable suspicion or probable cause to perform a traffic stop. *See Whren v. U.S.*, 517 U.S. 806, 813 (1996); *U.S. v. Lopez-Soto*, 205 F.3d 1101, 1104 (9th Cir. 2010); *U.S. v. Wallace*, 213 F.3d 1216, 1219 (9th Cir. 2000).

Defendant next argues that the twenty-nine minute traffic stop was lawful and did not convert the investigatory stop into an arrest. "In assessing whether a detention is too long in duration to be justified as an investigative stop, [the court] . . . should examine whether the police diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly, during which time it was necessary to detain the defendant." *U.S. v. Sharpe*, 470 U.S. 675, 686 (1985). In this case, there is no evidence that Defendant Parry did not diligently pursue his investigation. Indeed, Defendant Parry checked Plaintiff's license, registration, and insurance, gave Plaintiff a citation, spoke with Plaintiff, conducted a dog sniff, and searched the vehicle within a twenty-nine minute timeframe. Plaintiff argues that the stop was delayed so that Defendant Parry could ask Plaintiff about his "alleged nervousness." (Doc. 118 at 5). However, Plaintiff's challenge is not to the reasonableness of the length of the stop, but rather whether it was appropriate for Defendant Parry to question Plaintiff about his nervousness. The Court will discuss the latter argument *infra*.

Accordingly, there is no genuine disputed issue of material fact as to the reasonableness of the length of the traffic stop.

Defendant next argues that his request for permission to speak with Plaintiff after the issuance of the citation and questioning Plaintiff about drug possession was lawful and did not require reasonable suspicion of drug trafficking. Plaintiff argues that Defendant did not request permission to speak with him, but rather said "hold on," and then proceeded to question Plaintiff about his nervousness and whether he was in possession of drugs. Plaintiff argues that, Deputy Parry stating "hold on" before asking these questions, transformed the investigatory stop into an arrest. For the purposes of

- 16 -

summary judgment, the Court will assume that Plaintiff's version of the facts are true, namely, that Defendant Parry told Plaintiff to "hold on," before asking him questions unrelated to the reasons for the traffic stop itself.

"There is no bright line rule for determining when an investigatory stop crosses the line and becomes an arrest. . . . Rather, whether a police detention is an arrest or an investigatory stop is a fact-specific inquiry, [which requires the Court to] consider all the circumstances surrounding the encounter between the individual and the police, by evaluating not only how intrusive the stop was, but also whether the methods used by police were reasonable given the specific circumstances." *Gallegos v. City of Los Angeles*, 308 F.3d 987, 991 (9th Cir. 2002) (internal citations and quotations omitted; emphasis omitted).

Defendant's statement of "hold on" to Plaintiff and then asking Plaintiff a few questions about his nervousness and whether or not there were drugs in the car did not unreasonably prolong the investigatory stop, did not transform the investigatory stop into an arrest, and were not unreasonable given Plaintiff's nervous behavior throughout the citation process. *See, e.g.*, *Gallegos*, 308 F.3d at 991 (under totality of circumstances where police suspected suspect of involvement in burglary due to his proximity to scene, officers ordering suspect from his truck at gunpoint, handcuffing him, putting him into the back of a patrol car, and detaining him for between forty-five minutes to an hour did not transform investigatory stop into an arrest). Moreover, the fact that Defendant's questions were not on the same topic as the reason for the traffic stop did not unreasonably prolong the stop. *U.S. v. Turvin*, 517 F.3d 1097, 1103-1104 (9th Cir. 2008) ("officers do not need reasonable suspicion to ask questions unrelated to the purpose of an initially lawful stop . . . [where the questions do] not unreasonably prolong the duration of the stop."); *Muehler v. Mena*, 544 U.S. 93, 101 (2005).[6]

---

[6]   Alternatively, Defendant Parry had reasonable suspicion independent of the

Defendant next argues that his use of a police canine did not transform the lawful investigatory stop into an unlawful arrest. "[T]he use of a well-trained narcotics-detection dog—one that "does not expose noncontraband items that otherwise would remain hidden from public view[,] . . . during a lawful traffic stop, generally does not implicate legitimate privacy interests." *Illinois v. Caballes*, 543 U.S. 405, 409 (2005) (internal citation omitted). In this case, the dog sniff was performed on the exterior of Plaintiff's car, while he was lawfully detained for a traffic violation. As a result, any intrusion on Plaintiff's privacy expectations related to the dog sniff does not rise to the level of a constitutionally cognizable infringement. *See id.*

Defendant finally argues that probable cause existed to further detain Plaintiff and search Plaintiff's vehicle. In Response, Plaintiff argues that a search of the whole car was unwarranted because the K-9 "only" alerted at the driver's door of Plaintiff's car. (Doc. 188 at 3-4). In subsequent response motions, Plaintiff argues that the K-9 never alerted. (Doc. 128 at 18; Doc. 158 at 3). These contradictory statements are not enough to establish a genuine issue of material fact. Moreover, there is no evidence in the Record that the canine did not alert or that Plaintiff has the requisite knowledge and/or expertise to identify an "alert" from the canine. The only evidence in the Record is Deputy Parry's testimony that his canine did alert on the driver's door of Plaintiff's car. Accordingly, there is no dispute that the canine did alert at the driver's door of Plaintiff's car.

Plaintiff appears to argue that because the canine "only" alerted at the driver's side door, Defendant Parry only had probable cause to search the drivers' side door. Plaintiff

---

traffic stop to ask Plaintiff questions about the possibility of drugs in the vehicle. Such reasonable suspicion is supported by the following facts: Deputy Parry received a report that a white Chevy truck connected with illegal drug activity was traveling his way; Deputy Parry saw Plaintiff in his white Chevy truck arrive in his area around the time expected; after Deputy Parry stopped Plaintiff for a legitimate traffic violation, Plaintiff behaved in an unusually nervous manner.

provides no support for this argument.  Indeed, once the canine alerted to the scent of drugs in the car, Detective Parry had probable cause to search the car.  *See U.S. v. Ibarra*, 345 F.3d 711, 716 (9th Cir. 2003) (finding that where detective walked drug-detecting dog around the car and dog alerted to door of car, the detective had probable cause to search the car); *Wyoming v. Houghton*, 526 U.S. 295, 301-302 (1999) (holding that if police officers have probable cause to lawfully search a stopped vehicle, they may conduct a warrantless search of any containers found inside that may conceal the object of the search).

Plaintiff also argues that Defendant Parry, his supervisors, and the Pinal County Sheriff's Office did not comply with their own Canine Manual.  (Doc. 151).  Plaintiff fails to support this conclusory assertion with any evidence.  Accordingly, there is no genuine disputed issue of material fact regarding whether the canine was properly trained.  Deputy Parry's undisputed testimony demonstrates that K-9 Grace was trained and properly certified through the National Police Canine Association and National Narcotic Detector Dog Association.  (Doc. 116 at ¶ 13).[7]

---

[7]   Plaintiff also appears to argue that Defendant unlawfully stopped and frisked him.  It its Order granting Defendants' Motion to Dismiss, the Court stated:

> The Pinal County Defendants acknowledge that Plaintiff likely intended to state a Section 1983 Fourth Amendment claim against Defendant Parry for the October 6, 2009 traffic stop and that Plaintiff has alleged enough facts to survive a motion to dismiss on this claim. Because the Pinal County Defendants have not moved to dismiss this part of Count 7, the Court will only analyze the remaining allegations in Count 7.

> Because Count 7 contains only conclusory statements as to the remaining Defendants' alleged violations of Plaintiff's constitutional rights and fails to provide any factual

- 19 -

1    Based on the foregoing, Deputy Parry's conduct was constitutionally acceptable.

2    Accordingly, because a reasonable officer in Deputy Parry's position could have believed

3    that his conduct was constitutionally acceptable in light of the clearly established law and

4    the information Deputy Parry possessed, Deputy Parry is entitled to qualified immunity.

5    *See Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

6        Moreover, Plaintiff has failed to present any evidence that Defendant Parry's

7    conduct was motivated by evil motive or intent or involved a reckless or callous

8    indifference to Plaintiff's federally protected rights.  Accordingly, Defendant is entitled

9    to summary judgment on Plaintiff's punitive damages claim.  *See Smith v. Wade*, 461

10   U.S. 30, 56 (1983).

11   **XII.   Conclusion**

12   Based on the foregoing,

13   **IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 113) is

14   denied.

15   **IT IS FURTHER ORDERED** that Plaintiff's Motion to File Supplement (Doc.

16   122) is granted to the extent that the Court will consider the Supplemental to Objection

17   for Summary Judgment (Doc. 122 at 5-41) in ruling on the Motion for Summary

18   Judgment.

19   **IT IS FURTHER ORDERED** that Defendant's Motion to Strike (Doc. 127) is

20   denied.

21   **IT IS FURTHER ORDERED** that Plaintiff's Request for Leave to File Amended

22   Response (Doc. 128) is granted to the extent that the Court will consider the Amended

23

24   basis for Plaintiff's claims, Count 7 will be dismissed without
     prejudice.

25
26   (Doc. 42 at 10).  Accordingly, because Plaintiff did not state a claim against Defendant
     based on an unlawful frisk, Plaintiff's attempt to add such a claim at the summary
27   judgment stage is not appropriate and the Court will not discuss this claim further.

28                                        - 20 -

Response to Defendant Parry's Separate Statement of Facts (Doc. 128 at 13-35) in ruling on the Motion for Summary Judgment.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike (Doc. 133) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Request for Leave to File Rule 60(b)(4) Relief from Judgment (Doc. 134) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's request that the Court review exhibits (Doc. 140) is denied.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike (Doc. 150) is granted.  The Clerk of the Court shall strike Doc. 149.

**IT IS FURTHER ORDERED** that Plaintiff's Request for Leave to File Letter (Doc. 154) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Request for Leave to File Exhibit 1 and 2 (Doc. 161) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Request for Telephonic Call (Doc. 164) is denied as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Withdraw Request for Telephonic Call and Leave to File for Consideration based on Ninth Circuit Decisions (Doc. 165) is denied.

///

//

/

- 21 -

1   **IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment

2 (Doc. 115) is granted.  Because this resolves the only remaining claim in this case, the

3 Clerk of the Court shall enter judgment for Defendants accordingly.

4   Dated this 9th day of September, 2013.

              James A. Teilborg
            Senior United States District Judge

- 22 -