**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cristobal Hernandez, Jr., | No. CV-11-01945-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Janice K Brewer, et al., | |
| Defendants. | |

Pending before the Court are Plaintiff's Motion for Recusal (Doc. 199), Plaintiff's Motion for Miscellaneous Relief under Rule 60 of the Federal Rules of Civil Procedure ("Rule 60") (Doc. 180), and several additional motions and miscellaneous filings by Plaintiff asking the Court to take "Judicial Notice" of purportedly "new" information or otherwise reconsider past holdings. (Doc. 176, 177, 183, 186, 188, 189, 192, 193, 195, 203, 204, 205, 209, 210, 211, 213, 217, 219, 220, 221). Also pending before the Court is the Pinal County Defendants'[1] Motion to Declare Plaintiff a Vexatious Litigant (Doc. 197), which the State Defendants[2] subsequently joined (Doc. 198). The Court now rules on the motions.

---

[1] The "Pinal County Defendants" include the County of Pinal, James P. Walsh, Pinal County Board of Supervisors, Janet Gygax, Paul R. Babeu, James Rimmer, and Benjamin Parry.

[2] The "State Defendants" include the State of Arizona, Janice Brewer, Matthew Conti, Barton Fears, Terry Goddard, Monica Goddard, Eric Herrmann, Thomas Horne, Stephen Lepley, and Katrin Nelson (together with the Pinal County Defendants, "Defendants").

## I. BACKGROUND

These motions relate to a §1983 claim Cristobal Hernandez, Jr. ("Plaintiff") brought against Defendants in October 2011. (Doc. 1). On July 9, 2012, this Court dismissed all of Plaintiff's claims except one, which was a Fourth Amendment claim against Defendant Parry, a Pinal County deputy who conducted a traffic stop of Plaintiff. (Doc. 42). Subsequently, on September 10, 2013, this Court granted summary judgment to Defendant Parry and issued a final judgment for Defendants. (Doc. 167).

Plaintiff then appealed to the Ninth Circuit Court of Appeals. On August 26, 2016, the Ninth Circuit affirmed this Court's ruling and ultimately denied Plaintiff's many motions and requests, including a request for reconsideration, a panel rehearing, and a rehearing en banc. *Hernandez v. Brewer*, 658 Fed. Appx. 837, 839 (9th Cir. 2016), *cert. denied sub nom. Hernandez v. Ducey*, 137 S. Ct. 1333 (2017), *reh'g denied*, 137 S. Ct. 2151 (2017). Plaintiff then filed a petition for a writ of certiorari to the United States Supreme Court, which was denied on March 30, 2017. *Id*. Plaintiff's subsequent petition for rehearing was also denied. *Id*.

Although this Court entered a judgment in Plaintiff's case, which was affirmed by the Ninth Circuit and refused to be reheard by the Supreme Court, Plaintiff reverted to filing motions and requests in this Court. Plaintiff submitted numerous motions calling the Court's attention to "new" evidence or case law (Doc. 176, 177, 183, 186, 188, 189, 192, 193, 195, 203, 204, 205, 209, 210, 211, 213, 217, 219, 220, 221), in addition to a more formal request for relief under Rule 60 (Doc. 180) and a Motion for Recusal (Doc. 199).[3] Defendants filed timely responses to each of Plaintiff's motions calling for action. (Doc. 184, 187, 190, 194, 200, 206, 214, 218). Additionally, Defendants asked the Court to declare Plaintiff a vexatious litigant and enter a pre-filing order against him. (Doc. 197,

---

[3] Other than the Motion for Recusal (Doc. 199), the Court will liberally construe all of Plaintiff's other filings as requests for relief under Rule 60 ("Rule 60 Motions"). For instance, Plaintiff's Motion to Amend (Doc. 189) may be couched as a motion to amend, but, as the time to amend has long since passed, it is really a motion for relief under Rule 60. The Court will consider all of Plaintiff's pending Rule 60 Motions together. *See infra* part III.

198). The Court will first analyze Plaintiff's pending Motion for Recusal (Doc. 199).

## II. MOTION FOR RECUSAL

Plaintiff moves for the undersigned judge's recusal "for not follow[ing] binding case law." (Doc. 199).

### A. Legal Standard

Two statutes govern whether a federal judge must recuse in a particular case. The first, 28 U.S.C. § 144, provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, . . . A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144 (2006).

The second statute, 28 U.S.C. §455, further provides in pertinent part:

> (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

28 U.S.C. § 455 (2006).

The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Bigley*, CV-14-00729-PHX-HRH, 2017 WL 3432370, at *2 (D. Ariz. Aug. 10, 2017) (citations omitted). In interpreting these statutes, the United States Supreme Court determined that "judicial

rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 541 (1994). This is because a judge's opinions formed "on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*. at 555. "A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune." *Id*. at 556. Thus, statements made during the course of a trial or in ruling on particular motions can establish bias only in extreme circumstances because a judge's impartiality ordinarily "must stem from an extrajudicial source." *Id*. at 544 (citation omitted).

The moving party bears the burden of proving facts sufficient to justify recusal. *Denardo v. Municipality of Anchorage*, 974 F.2d 1200, 1201 (9th Cir. 1992) (citation omitted). The mere filing of an affidavit of disqualification pursuant to 28 U.S.C. § 144 does not amount to sufficient proof. *See Bigley*, 2017 WL 3432370, at *2. Pursuant to the terms of the statute, the Court must first determine whether the claims of bias are legally sufficient before determining that the Court "shall proceed no further" on the movant's case. *Liteky*, 510 U.S. at 544. The statute "must be given the utmost strict construction to safeguard the judiciary from frivolous attacks upon its dignity and integrity, and to prevent abuse and to insure orderly functioning of the judicial system." *Rademacher v. City of Phoenix*, 442 F. Supp. 27, 29 (D. Ariz. 1977) (citations omitted). Allegations that are merely conclusory are not legally sufficient. *See United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566 (9th Cir. 1995).

**B. Analysis**

**1. Plaintiff's Motion is Untimely**

Plaintiff's motion is untimely as this Court granted a final judgment in favor of Defendants on September 10, 2013. (*See* Doc. 167). The Ninth Circuit has not defined an exact time within which a party must file a recusal motion after ascertaining grounds for

such a motion, but "it is generally held that parties that suspect possible bias or prejudice toward them must not withhold filing recusal motions until their dispute has been resolved on the merits." *Bigley*, 2017 WL 3432370, at *3 (citing *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1295 (9th Cir. 1992) ("To hold otherwise would encourage parties to withhold recusal motions, pending a resolution of their dispute on the merits, and then if necessary invoke section 455 in order to get a second bite at the apple.")).

Here, Plaintiff stated that he repeatedly suspected bias or prejudice against him throughout the proceedings, but this motion comes over four years after a judgment was already entered against him in this Court and over a year after that judgment was affirmed by the Ninth Circuit on August 26, 2016. *See supra* part I. This motion also follows a previous motion for recusal of the undersigned couched as a Motion for Change of Venue (Doc. 83), which the Honorable G. Murray Snow denied in reasoning that "[n]one of [Plaintiff's] arguments have merit." Finally, Plaintiff provided no facts demonstrating good cause for the late filling of his instant motion. *See United States v. Studley*, 783 F.2d 934, 939 (1986) ("a motion for recusal filed weeks after the conclusion of a trial is presumptively untimely absent a showing of good cause for its tardiness") (citations omitted).

### 2. Plaintiff's Motion lacks Merit

Even ignoring the untimeliness of Plaintiff's motion, Plaintiff's motion fails to raise any proper grounds for recusal. Rather, Plaintiff alleges that the undersigned has "not followed binding case law" and "ignored" evidence without referencing any extrajudicial source. (*See* Doc. 199 at 1-2). Plaintiff's allegations that the Court ignored case law and evidence are grounds for appeal, not for recusal. *See Liteky*, 510 U.S. at 555. Plaintiff did appeal and this Court's ruling was affirmed by the Ninth Circuit. *See supra* part I. Plaintiff has since exhausted his legal remedies in this closed case.

Plaintiff alleges no extrajudicial sources by which the undersigned may have developed a bias against him, nor does Plaintiff identify any conduct on his part, apart

- 5 -

from the undersigned's rulings in the case, by which to infer bias. Without an extrajudicial source, the only circumstance in which recusal would be appropriate is when actions by the judge reveal a lack of impartiality so high that fair judgment would be impossible. *See Liteky*, 510 U.S. at 555. Plaintiff does not demonstrate that the Court demonstrated that high level of favoritism or antagonism herein and fails to carry his burden of proving facts sufficient to justify recusal. *See Denardo*, 974 F.2d at 1201. Accordingly, Plaintiff's Motion for Recusal (Doc. 199) is hereby denied.

### III. RULE 60 MOTIONS

Next, the Court will address Plaintiff's pending Rule 60 Motions. Plaintiff only specifically implicates Federal Rules of Civil Procedure 60(b)(1) and 60(b)(6), but the Court will consider Plaintiff's motions and related claims under the totality of Rule 60. (*See* Doc. 180).

#### A. Legal Standard

"A final judgment may be reopened only in narrow circumstances." *Henderson v. Shinseki*, 562 U.S. 428, 440 (2011). Rule 60(b) "provides for reconsideration only upon a showing of[:] (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991) (citing Fed. R. Civ. P. 60(b)). There is a one year statute of limitations from the entry of judgment in place for motions brought under Rule 60(b)(1), (2), or (3). *See, e.g.*, *Nevitt v. United States*, 886 F.2d 1187, 1188 (9th Cir. 1989). Rule 60(b)(6) does not have the same, strict one year limitation and "must be filed within a reasonable time[.]" *Musser v. United States*, 62 F.3d 1425 (9th Cir. 1995). However, "[t]he long-standing rule in this circuit is that, clause (6) and the preceding clauses are mutually exclusive; a motion brought under clause (6) must be for some reason other than the five reasons preceding it under the rule" or it may be properly barred for falling outside of the one year period. *Lyon v. Agusta S.P.A.*, 252 F.3d 1078, 1088-89 (9th Cir. 2001), *as amended* (July 9, 2001) (internal quotation marks and citation

omitted).

A change in the law may, in certain situations, justify relief under Rule 60(b)(6). *Phelps v. Alameida*, 569 F.3d 1120, 1134 (9th Cir. 2009). In such a case, a court must conduct a "case-by-case inquiry," which requires the balancing of multiple factors, including "the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Id.* at 1133 (citation omitted). Ultimately, the movant must show "extraordinary circumstances justifying the reopening of a final judgment." *Hall v. Haws*, 861 F.3d 977, 987 (9th Cir. 2017) (citation omitted).

### B. Analysis

Preliminarily, the Court notes that to the extent Plaintiff's Rule 60 Motions rest on 60(b)(1), (2) or (3), they are barred by the one year statute of limitations because this case was closed on September 10, 2013. *See supra* part I. Plaintiff fails to make any allegation exclusively based on Rule 60(b)(6), so the Court could deny the motions on this basis. Nonetheless, the Court will liberally construe Plaintiff's Rule 60 Motions to determine whether Plaintiff carried his burden of demonstrating that "extraordinary circumstances" exist to justify reopening this case under any of the grounds for relief provided by Rule 60. *See Hall*, 861 F.3d at 987.

#### 1. Rule 60(b)(1)

Rule 60(b)(1) provides for relief from a final judgment in the case of an inadvertent mistake or omission by the Court or a party. Fed. R. Civ. P. 60(b)(1). Plaintiff failed to make any credible argument of mistake, inadvertence, surprise, or excusable neglect. *See* Fed. R. Civ. Pro. 60(b)(1). Plaintiff did, however, allege various factual and legal errors.

> "The Ninth Circuit has specifically recognized that errors of law are cognizable under Rule 60(b). *See Liberty Mut. Ins. Co. v. EEOC,* 691 F.2d 438, 441 (9th Cir.1982). It has also noted that, where the legal error is a mistake by the court, Rule 60(b)(1) is applicable. *See id.*; *see also In re Int'l Fibercom, Inc.,* 503 F.3d 933, 941 n.7 (9th Cir. 2007)."

*Prado v. Quality Loan Serv. Corp.*, No., 2014 WL 2119864, at *2 (N.D. Cal. May 21, 2014).

When considering "mistake," the Court must consider four factors. *Bateman v. U.S. Postal Servs.*, 231 F.3d 1220, 1223 (9th Cir. 2000). Specifically, "(1) the danger of prejudice to the opposing party; (2) the length of delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Id*. at 1223-24 (9th Cir. 2000). Since Plaintiff did not make a cognizable argument regarding any of these factors, it is very difficult for the Court to apply them. However, to the extent obtaining relief under Rule 60(b)(1) is the movant's burden, Plaintiff has failed to show that any of these factors weigh in his favor. After review of the record, the Court finds that there is no evidence of such a mistake. Accordingly, relief under Rule 60(b)(1) is denied.

### 2. Rule 60(b)(2)

Rule 60(b)(2) allows for relief from a final judgment based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," which is 28 days after the entry of judgment. Fed. R. Civ. P. 59(b), 60(b)(2). Under this clause, "the movant must show the evidence (1) existed at the time of the trial, (2) could not have been discovered through due diligence, and (3) was 'of such magnitude that production of it earlier would have been likely to change the disposition of the case.'" *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990) (quoting *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 211 (9th Cir. 1987)).

Based on a review of the record, including Plaintiff's suggestions that he discovered "new" evidence relevant to this case, the Court concludes that Plaintiff failed to demonstrate such evidence exists. Even if such evidence did exist, Plaintiff fails to assert that the purportedly "new" evidence could not have been discovered at the time of trial, so as to justify relief from the judgment. Accordingly, relief under Rule 60(b)(2) is denied.

### 3. Rule 60(b)(3)

Rule 60(b)(3) provides relief in the event of fraud. Fed. R. Civ. P. 60(b)(3). Rule 60(b)(3) "is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *In re M/V Peacock on Complaint of Edwards*, 809 F.2d 1403, 1405 (9th Cir. 1987). Here, Plaintiff repeatedly states that Defendants engaged in a "conspiracy to commit fraud upon the court." (*See, e.g.*, Doc. 189 at 1). The Court, however, will not consider fraud, misrepresentation, or misconduct by Defendants because there is no evidence or argument showing the presence of these issues. Conversely, Plaintiff contends that the judgment against him was due to "fundamental unfairness" because this Court applied an incorrect legal standard in his case. (*See* Doc. 180 at 14). Accordingly, relief under Rule 60(b)(3) is denied.

### 4. Rule 60(b)(4)

Rule 60(b)(4) allows for relief if the judgment is void. Fed. R. Civ. P. 60(b)(4). "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Am. Realty Capital Properties Inc. v. Holland*, CV-14-00673-PHX-DGC, 2014 WL 5023004, at *2 (D. Ariz. Oct. 8, 2014) (quoting *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010)). This circumstance does not exist in the instant case. Accordingly, relief under Rule 60(b)(4) is denied.

### 5. Rules 60(b)(5) and 60(b)(6)

Rule 60(b)(5) provides relief from a final judgment if "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). A movant under Rule 60(b)(5) "must establish that a significant change in facts or law warrants revision of the decree and that the proposed modification is suitably tailored to the changed circumstance." *Shoen v. Symons*, CV06-3008-PHX-DGC, 2011 WL 3555582, at *1 (D. Ariz. Aug. 11, 2011) (quoting *Rufo v. Inmates of Suffolk County Jail*,

502 U.S. 367, 368 (1992)). Additionally, Rule 60(b)(6) is a catch-all provision, where a judgment may be set aside for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

Here, to the extent Plaintiff makes a cognizable argument for relief under Rule 60, it relates to purported changes in case law. Plaintiff requests the court to "revisit[] its judgment" and directs the Court's attention to the Supreme Court's ruling in *Honeycutt v. United States*. 137 S. Ct. 1626 (2017). (Doc. 180 at 1). Plaintiff argues that the Supreme Court's decision in *Honeycutt* requires relief from the final judgment against him. (*Id.*). If viable, Plaintiff's argument could fall under Rule 60(b)(6). *See Phelps*, 569 F.3d at 1132 (holding in part that a Rule 60(b)(6) motion is the proper means of bringing a challenge based on a change of law).

The Court reviewed the purported change in law in *Honeycutt* as suggested by Plaintiff. There, the Supreme Court reiterated the principle that "[c]riminal forfeiture statutes empower the Government to confiscate property derived from or used to facilitate criminal activity." *Honeycutt*, 137 S. Ct. at 1631. The Supreme Court further explained that certain forfeiture mechanisms are "limited to property the defendant himself actually acquired as the result of the crime." *Id*. at 1635. This Court finds that *Honeycutt* does not represent a significant change of the law such that it would abrogate the final judgment in this case under Rule 60. *See Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (requiring a movant to show "extraordinary circumstances" to justify reopening a final judgment); *see also Flores v. Arizona*, 516 F.3d 1140, 1163 (cautioning against the use of Rule 60(b) provisions "to circumvent the strong public interest in [the] timeliness and finality of judgments."). Nothing in *Honeycutt* is relevant to Plaintiff's §1983 claim regarding his alleged October 6, 2009 traffic stop or allegations that Defendants improperly targeted Plaintiff and initiated forfeiture proceedings against his home in relation to Plaintiff's alleged involvement in a drug and money laundering ring. (*See* Doc. 42 at 3-7 (dismissing the majority of Plaintiff's claims)). Accordingly, Plaintiff's Rule 60 motion fails in its totality.

## IV. VEXATIOUS LITIGANT MOTION

Also pending before the Court is Defendants' Motion to Declare Plaintiff a Vexatious Litigant (Doc. 197, 198) and enter a pre-filing order against him. While the Court agrees with Defendants that Plaintiff "continues to flood this Court's docket with frivolous and duplicative motions," the Court is confident that Plaintiff will understand the finality of this order, and the finality of the Ninth Circuit's affirmation of this Court's previous dismissal of his case. (*See* Doc. 197 at 1). As such, the Court trusts that Plaintiff will not need to be designated as a vexatious litigant and will understand that this matter is closed.[4] Accordingly, Defendants' motion is denied without prejudice.

## V. CONCLUSION

For the reasons set forth above,

**IT IS ORDERED** that Plaintiff's Motion to Recuse (Doc. 199) is **DENIED**.

**IT IS FURTHER ORDERED** that the Plaintiff's Rule 60 Motions (including Doc. 176, 177, 180, 183, 186, 188, 189, 192, 193, 195, 203, 204, 205, 209, 210, 211, 213, 217, 219, 220, 221) are **DENIED**.

**IT IS FURTHER ORDERED** that the Defendants' Motion to Declare Plaintiff a Vexatious Litigant (Doc. 197) is **DENIED** without prejudice to refile if necessary. This remains closed.

Dated this 22nd day of December, 2017.

James A. Teilborg
Senior United States District Judge

---

[4] Should Plaintiff fail to understand that this case is closed and continue to file frivolous and untimely motions, Defendants may file a renewed motion to declare Plaintiff a vexatious litigant or seek other sanctions, including attorney's fees.

- 11 -