**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cristobal Hernandez, Jr., | No. CV-11-01945-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Janice K Brewer, et al., | |
| Defendants. | |

Pending before the Court are numerous motions filed by Plaintiff Cristobal Hernandez, Jr. ("Plaintiff"). Also pending before the Court are Defendants' Motion for Sanctions (Doc. 244) and Motion to Declare Plaintiff a Vexatious Litigant and to Enter a Pre-filing Order (Doc. 245). The Court now rules on the motions.

**I.     BACKGROUND**

The Court previously discussed the factual and procedural background of this case at length and need not repeat it here. (*See* Doc. 222). This Court also made clear to Plaintiff in its December 22, 2017 Order (Doc. 222) that its decision was final and "this case is closed." The Court indicated therein that "[s]hould Plaintiff fail to understand that this case is closed and continue to file frivolous and untimely motions, Defendants may file a renewed motion to declare Plaintiff a vexatious litigant or seek other sanctions, including attorney's fees." (*Id*. at 11). In response to Plaintiff's refusal to cease filing frivolous and untimely motions, the Pinal County Defendants[1] filed a Motion for

---

[1] The "Pinal County Defendants" include the County of Pinal, James P. Walsh,

Sanctions (Doc. 244) to recoup attorney's fees for the continued need to respond to Plaintiff's baseless motions. The Pinal County Defendants subsequently filed a Motion to Declare Plaintiff a Vexatious Litigant and to Enter a Pre-filing Order (Doc. 245), which the State Defendants[2] joined (Doc. 250).

## II. PLAINTIFF'S MOTIONS

Plaintiff has numerous motions pending before the Court. To the extent that Plaintiff's filings purport to provide new evidence to persuade the Court to re-open this closed case, the Court will liberally construe the motions as requests for relief under Rule 60 of Federal Rules of Civil Procedure ("Rules"). The Court will address each in turn.

### A. Legal Standard

As the Court already set out the Legal Standard for the Rule 60 motion in its previous Order (Doc. 222) denying Plaintiff's numerous Rule 60 motions, it need not repeat it in full. In summary, "[a] final judgment may be reopened only in narrow circumstances." *Henderson v. Shinseki*, 562 U.S. 428, 440 (2011). Rule 60(b) "provides for reconsideration only upon a showing of[:] (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991) (citing Fed. R. Civ. P. 60(b)).

### B. Analysis

#### 1. Doc. 224

On December 30, 2017, Plaintiff filed a Request for the "Submission of Evidence Document in [Doc.] 220." (Doc. 224). As Defendants' observed in their Response (Doc. 227), "Plaintiff's 'Submission of Evidence Document in 220' filed on December 30,

---

Pinal County Board of Supervisors, Janet Gygax, Paul R. Babeu, James Rimmer, and Benjamin Parry.

[2] The "State Defendants" include the State of Arizona, Janice Brewer, Matthew Conti, Barton Fears, Terry Goddard, Monica Goddard, Eric Herrmann, Thomas Horne, Stephen Lepley, and Katrin Nelson (together with the Pinal County Defendants, "Defendants").

- 2 -

2017 [Doc. 224] appears to be a request to supplement Document 220 filed by Plaintiff on December 19, 2017." (Doc. 227 at 1). Document 220, styled as a request for "Judicial Notice," was previously denied by this Court. (Doc. 222). Accordingly, Plaintiff's Request (Doc. 224) is denied as moot.

To the extent that this Request (Doc. 224) should be construed as a Rule 60 motion, the Court finds that Plaintiff presents no new evidence or new arguments not previously rejected by this Court. Because this case is closed, there is no matter in which to submit evidence regardless.

### 2. Doc. 225

On January 3, 2018, Plaintiff filed a Rule 60 Motion (Doc. 225) arguing that "Plaintiff believes [the Court] erred in [its] decision not to provide relief under *Honeycutt* [*v. United States*], and fraud on the court," but Plaintiff presents no new arguments or new evidence therein. (Doc. 225 (citing 137 S. Ct. 1626 (2017))). As Defendants observed in their Response (Doc. 228), Plaintiff's Rule 60 Motion (Doc. 225) "requests the same relief sought by Plaintiff in various motions and other filings that were denied by this Court in its Order [Doc. 222] filed on December 22, 2017." (Doc. 228 at 1). To the extent Plaintiff requests that this Court reconsider its prior ruling on this issue, Plaintiff provides no basis in law or fact upon which relief may be granted. Accordingly, Plaintiff's Rule 60 Motion (Doc. 225) is hereby denied.

### 3. Doc. 230

On January 5, 2018, Plaintiff filed a Motion for "Leave to File [a] Reply" (Doc. 230) pertaining his request to recuse the undersigned judge. Plaintiff's Motion to Recuse (Doc. 223) was denied by the Honorable Raner C. Collins, Chief United States District Judge of the United States District Court for the District of Arizona ("Chief Judge") in an Order (Doc. 238) dated January 26, 2018. Accordingly, Plaintiff's Motion for Leave to File a Reply (Doc. 230) is denied as moot.

### 4. Doc. 233

On January 16, 2018, Plaintiff filed a request that this Court take "Judicial Notice"

(Doc. 233) of various writings. These writings are irrelevant and there is nothing in which this Court may take judicial notice because this case is close. Accordingly, Plaintiffs request for Judicial Notice (Doc. 233) is denied.

### 5. Additional Filings (Docs. 231, 232, 234, 235, 239)

On January 8, 2018, Plaintiff filed a Declaration (Doc. 231). Plaintiff then filed a Request (Doc. 232) on January 9, 2018 in the form of a letter to the Chief Judge. Plaintiff filed similar letters on January 18, 2018 (Doc. 234) and January 22, 2018 (Doc. 235). Plaintiff also filed a "Reply to the Honorable Chief Judge" (Doc. 239) on January 29, 2018.

To the extent these filings request relief from a judgment under Rule 60, as Defendants observed in Response (Doc. 236), these writings, "[Plaintiff] fails to cite any legal or factual basis for the relief he requests." (Doc. 236 at 1). Plaintiff's Reply (Doc. 237; later corrected at Doc. 243) disputes this contention, but again provides no basis for his contention. Accordingly, these requests are denied.

### 6. Appeal

Following the Chief Judge's Order (Doc. 238) denying Plaintiff's request to recuse the undersigned judge, Plaintiff filed several notices regarding appeal (Docs. 240–241, Doc. 246). The Chief Judge's Order (Doc. 238) explained that "[i]f the plaintiff is unhappy with rulings made by Judge Teilborg, he has his right to appeal." (Doc. 238). Plaintiff filed his final Notice of Appeal (Doc. 247) on January 30, 2019, which the Ninth Circuit later acknowledged (Docs. 248, 249). The Ninth Circuit dismissed Plaintiff's appeal for lack of jurisdiction on May 21, 2018 (Doc. 256 (explaining that "requirement of timely notice of appeal is jurisdictional" (citations omitted))).

### III. DEFENDANTS' MOTIONS

Defendants also have two motions pending before the Court: a Motion for Sanctions (Doc. 244) and a Motion to Declare Plaintiff a Vexatious Litigant and to Enter a Pre-filing Order (Doc. 245).

### A. Motion for Sanctions (Doc. 244)

The Pinal County Defendants filed a Motion for Sanctions (Doc. 244) under Rule 11(c)(1).

### 1. Legal Standard

Sanctions are justified under Rule 11 "when a filing is frivolous, legally unreasonable, or without factual foundation, or brought for an improper purpose." *Estate of Blue v. Cnty. of L.A.*, 120 F.3d 982, 985 (9th Cir. 1997). A filing is frivolous if it is "both baseless and made without a reasonable and competent inquiry." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990). The purpose of Rule 11 is to promote judicial economy by deterring baseless filings, thereby "streamlin[ing] the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).

In the Ninth Circuit, Rule 11 "explicitly applies to parties not represented by attorneys" and equally to *in forma pauperis* ("IFP") litigants based on the rule's express goal of deterrence. *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994). "IFP litigants, proceeding at the expense of taxpayers, need to be deterred from filing frivolous lawsuits as much as litigants who can afford to pay their own fees and costs." *Id*. While "the [C]ourt must take into account a plaintiff's pro se status when it determines whether the filing was reasonable," pro se filings "still may be frivolous if filed in the face of previous dismissals involving the exact same parties under the same legal theories." *Id*. (citations omitted). "It is also clear that a plaintiff proceeding [IFP] is not protected from the taxation of costs to which a prevailing defendant is entitled" *Id*.

### 2. Analysis

This Court noted in its previous Order (Doc. 222) that "[s]hould Plaintiff fail to understand that this case is closed and continue to file frivolous and untimely motions, Defendants may file a renewed motion to declare Plaintiff a vexatious litigant or seek other sanctions, including attorney's fees." (Doc. 222 at 11). In their renewed Motion for Sanctions (Doc. 244), Defendants point out that "[s]ince then, Plaintiff has continued his onslaught of frivolous, duplicative, and untimely filings," as documented by the

numerous filings addressed in the instant Order. (Doc. 244 at 2); *see also supra* Part II.

The Court indeed finds Plaintiff's recent motions are the precise type of "frivolous, legally unreasonable" filings that Rule 11 seeks to deter. *See Estate of Blue*, 120 F.3d at 985. The Court exercised extreme restraint in its Order (Doc. 222) dated December 22, 2017 by giving Plaintiff one last opportunity to recognize that his case was closed before ordering sanctions against him. (*See* Doc. 222 at 11). This Court's restraint went unrewarded as Plaintiff has since inundated the Court and Defendants with over one dozen baseless filings in direct defiance of this Court's Order. (*See id.*). Accordingly, the Court finds that sanctions are justified and necessary to achieve the purpose of Rule 11 in this instance.

The Court will grant Defendants' Motion for Sanctions (Doc. 244) in ordering, as requested, that Plaintiff "pay the Pinal County Defendants' reasonable attorneys' fees for responding to his frivolous filings, preparing the Renewed Motion [to declare Plaintiff a vexatious litigant], and preparing this Motion for Sanctions." (Doc. 244 at 4). The sanctions shall take the form of attorney's fees; to determine the amount of sanctions, an application for attorney's fees in accordance with District of Arizona Local Rule Civil 54.2 is due within 30 days of the date of entry of this Order. *See* LRCiv 54.2; *see also PCT Int'l Inc. v. Holland Elecs. LLC*, No. CV-12-01797-PHX-JAT, 2015 WL 4480342, at *1 (D. Ariz. July 21, 2015).

**B.  Motion to Declare Plaintiff a Vexatious Litigant (Doc. 245)**

Next, the Pinal County Defendants filed a Motion to Declare Plaintiff a Vexatious Litigant and to Enter a Pre-filing Order (Doc. 245) on January 31, 2018, which was later joined by the State Defendants (Doc. 250). Plaintiff submitted a Response (Doc. 251) in opposition of the motion on February 5, 2018, to which Defendants submitted a Reply (Doc. 253) on February 12, 2018.[3]

---

[3] Plaintiff also submitted a "Reply" to Defendants' Reply (Doc. 255). A "Reply to Defendant's Reply" is not permitted by Rule 7 or District of Arizona Local Rule Civil 7.2. *See* LRCiv 7.2(b)–(d). District of Arizona Local Rule 7.2 solely allows an opposing party to file a Response in opposing any motion. *Id.* The Court, however, has read Plaintiff's "Reply to Defendant's Reply" (Doc. 255) and notes that nothing in Plaintiff's

- 6 -

### 1. Legal Standard

The All Writs Act, 28 U.S.C. § 1651(a), gives the Court the "the inherent power to enter pre-filing orders against vexatious litigants," which prevents litigants from filing any further actions or papers in the district court without first obtaining leave to do so. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citation omitted) (affirming a district court's order declaring the plaintiff to be a vexatious litigant and requiring him to obtain leave of the court before filing additional, related complaints in the district). "A court should enter a pre-filing order constraining a litigant's scope of actions in future cases only after a cautious review of the pertinent circumstances" and without "undue haste" due to the due process considerations that protect civil litigants' access to the courts. *Id.* Nevertheless, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Id.* (citations omitted).

The Ninth Circuit provides that a district court should consider the following four factors prior to ruling on a vexatious litigant motion and entering a pre-filing order. *Id.*

> First, the litigant must be given notice and a chance to be heard before the order is entered. Second, the district court must compile 'an adequate record for review.' Third, the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation. Finally, the vexatious litigant order 'must be narrowly tailored to closely fit the specific vice encountered.'

*Id.* (citing *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)).

### 2. Analysis

All four *De Long* factors are met here. The Court agrees with Defendants that "[Plaintiff] provides no justification whatsoever for his refusal to acknowledge that this case is closed, or for his continued filing of frivolous, duplicative, and untimely motions and other pleadings." (Doc. 253 at 1).

#### a. Factor One: Notice and a Chance to be Heard

---

proffered filing would change the Court's ruling with regard to the pending motions.

First, the Court warned Plaintiff in its previous Order (Doc. 222) denying Plaintiff's numerous Rule 60 motions that it would grant Defendants' then-pending motion to declare him a vexatious litigant if he "continue[d] to flood this Court's docket with frivolous and duplicative motions." (Doc. 222 at 11). Although the Court denied Defendants' motion to enter a pre-filing order against Plaintiff at that time, the Court again explained that "Defendants may file a renewed motion to declare Plaintiff a vexatious litigant or seek other sanctions" if Plaintiff failed to understand the finality of that Order (Doc. 222) in this closed case. (*Id.*). Plaintiff's failures gave rise to the pending, renewed motion by Defendants.

Furthermore, "[Plaintiff] had fair notice of the possibility that he might be declared a vexatious litigant and have a pre-filing order entered against him because the [Court's] order was prompted by a motion filed by the defendants and served on [Plaintiff]." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d at 1058. Plaintiff had the opportunity to oppose the renewed motion, which he exercised by way of his written Response (Doc. 251). *See, e.g.*, *Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000) (holding in a case involving sanctions that "an opportunity to be heard does not require an oral or evidentiary hearing on the issue," but rather, "[t]he opportunity to brief the issue fully satisfies due process requirements"). Plaintiff's Response (Doc. 251), however, does nothing more than note that "Plaintiff Hernandez opposes the State's motion" and repeat unfounded, irrelevant allegations of malicious prosecution. (Doc. 251 at 1).

### b. Second Factor: An Adequate Record for Review

Next, "[a]n adequate record for review should include a listing of all the cases [or] motions that led the district court to conclude that a vexatious litigant order was needed." *De Long*, 912 F.2d at 1147. Although the Court need not list every single motion filed by Plaintiff that forms the basis for this decision, it will provide a brief summary for the record. *See Molski*, 500 F.3d at 1059 (citation omitted).

Plaintiff initiated this action with a 75-page Complaint (Doc. 1), followed by an

85-page, 364-paragraph Amended Complaint (Doc. 16) raising twenty-two muddled claims. (Doc. 245 at 2). After careful review, this Court dismissed all claims against all Defendants, except for one claim against a Pinal County Sheriff's deputy, who later prevailed on summary judgment. (*See* Doc. 42; Doc. 116). The Court directed the Clerk of Court to enter a final judgment in favor of Defendants on September 10, 2013. (Doc. 167). Plaintiff filed a multitude of frivolous and duplicative motions prior to appealing to the Ninth Circuit and continued his onslaught of filings before the Ninth Circuit (*See* Doc. 245 at 3–5).[4] Following the Ninth Circuit's issuance of its Mandate (Doc. 179) on November 4, 2016, Plaintiff resumed his practice of flooding this Court's docket with frivolous and duplicative motions, purporting to assert "evidence" in the form of arguments that were already rejected by both this Court and the Ninth Circuit. (*See* Doc. 245 at 5–7).[5]

Most pressingly, Plaintiff continues to ignore this Court's Order (Doc. 222) denying a slew of Rule 60 motions, which unequivocally clarified that "this matter is closed."[6] Since then, Plaintiff filed additional motions and other documents requesting relief that both this Court and the Ninth Circuit already rejected with no regard for this Court's management of its docket and consideration due to other litigants with

---

[4] For a sample of Plaintiff's numerous frivolous and duplicative fillings at the Ninth Circuit, *see* Ninth Cir. Docs. 10, 41, 44, 46, 49, 50, 51, 52, 53, 55, 57, 60, 62, 64, 67, 69, 71, 75, 76, 77, 79, 81, 83, 86, 87, 89, 93, 95, 97, 99, 101, 104, 105, 106, 112, 113, 114, 115, 117, 121, 122, 123, 124, 127, 130, 131, 132, 133, 138, 139 (No. 13-16826).

[5] For a sample of Plaintiff's frivolous and duplicative filings in this Court and immediately following the Ninth Circuit's issuance of its Mandate (Doc. 179), *see* Doc. 180 ("Motion to Submit Controlling Case Law Under Rule 60(B)(1) & (6)"); Doc. 183 ("Supplemental to: Motion to Submit Controlling Case Law Under Rule 60(B)(1) & (6)"); Doc. 186 ("Notice" discussing a purportedly "missing" affidavit from another case); Doc. 188 ("Submission of Evidence"); Doc. 189 ("Request Permission to File Updated Motion"); Doc. 192 ("Plaintiff's Response to Document 190 & 191, and Judicial Notice on Additional Authorities submitted to the Ninth Circuit Court of Appeals"); Doc. 193 ("Request Leave to File Motion to Add Defendants" well after this matter was terminated).

[6] In the aforementioned Order (Doc. 222), the Court rejected over 20 filings, which it liberally construed as being brought under Rule 60. *See* Docs. 176, 177, 180, 183, 186, 188, 189, 192, 193, 195, 203, 204, 205, 209, 210, 211, 213, 217, 219, 220, 221.

meritorious claims. (*See* Doc. 245 at 7–9).[7] The Court is satisfied that it has outlined an adequate record to satisfy the second *De Long* factor.

### c. Third Factor: Substantive Findings

"The third factor set forth by *De Long* gets to the heart of the vexatious litigant analysis, inquiring whether the district court made substantive findings as to the frivolous or harassing nature of the litigant's actions." *Molski*, 500 F.3d at 1059 (internal quotation marks and citations omitted). "To decide whether the litigant's actions are frivolous or harassing, the district court must look at both the number and content of the filings as indicia' of the frivolousness of the litigant's claims." *Id.* (internal quotation marks and citations omitted). "An injunction cannot issue merely upon a showing of litigiousness. The plaintiff's claims must not only be numerous, but also be patently without merit." *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990).

In its previous orders, this Court made ample substantive findings about the inappropriate and harassing nature of Plaintiff's litigation tactics. The Court directed the Clerk of Court to enter a final judgment in this case in favor of Defendants, which was subsequently affirmed by the Ninth Circuit. (Doc. 167; *see also* Ninth Cir. Doc. 120 (No. 13-16826)). More recently, the Court denied Plaintiff's slew of Rule 60 motions, which were "untimely," "frivolous[,] and duplicative." (Doc. 222 at 11); *see also supra* Part III.B.2.b. All of Plaintiffs recent filings were "patently without merit" and inappropriate given that this matter is closed. *See Moy*, 906 F.2d at 470. As this Court previously explained, "Plaintiff's onslaught of filings 'cause[s] undue prejudice to Defendants' by requiring them to evaluate those filings and respond, even to motions that are duplicative or entirely meritless." (Doc. 245 at 11 (citing Doc. 71 at 1)). Accordingly, the Court

---

[7] Most recently, Plaintiff filed the following frivolous and duplicative documents: *see* Doc. 223 ("Request Order to Remove Judge Teilborg, and move proceedings to Tucson, AZ"); Doc. 224 ("Submission of Evidence"); Doc. 225 ("Rule 60(b)(2)(6) Motion"); Doc. 231 ("Request Leave to File Declaration: Theft of Personal Property, Criminal Misconduct"); Doc. 232 (Letter to the Chief Judge); Doc. 233 ("Judicial Notice"); Doc. 234 (Another Letter to the Chief Judge); Doc. 235 (Letter to this Court); Doc. 239 ("Reply to the Honorable Chief Judge"); Docs. 240–41 ("Request Leave to File [sic] Appeal"); Doc. 242 ("Request leave to file: Reply to the Honorable Chief Judge").

reiterates that Plaintiff's continuous flood of motions is both frivolous and harassing in nature, thus satisfying the third *De Long* factor.

### d. Fourth Factor: Narrowly Tailored

"The fourth and final factor in the *De Long* standard is that the pre-filing order must be narrowly tailored to the vexatious litigant's wrongful behavior." *Molski*, 500 F.3d at 1061. The Ninth Circuit has held that "an order preventing the plaintiff from filing *any suit* in a particular district court" was overly broad. *Id.* (citing *De Long*, 912 F.2d at 1148) (emphasis added). Similarly, the Ninth Circuit held that "an order requiring a plaintiff to obtain leave of court to file any suit was overly broad when the plaintiff had only been highly litigious with one group of defendants." *Id.* (citing *Moy*, 906 F.2d at 470). The Ninth Circuit, however, has upheld a pre-filing order restricting a litigant from filing specific types of complaints in a given district without obtaining leave of the court. *Id.*

Here, the pre-filing order proposed by Defendants is even more narrowly tailored than those previously upheld by the Ninth Circuit in that it only pertains to this specific case. (Doc. 245). Given that this case is closed, Plaintiff lacks any legitimate reason, outside of a bona fide Rule 60 motion—which is highly unlikely at this stage—to continue filing motions in this case. This Order does not unduly restrict Plaintiff's access to the courts as it says nothing to curtail his ability to file a meritorious action or relevant motions in any potential, unrelated case, should the need to do so arise.[8] Accordingly, the Court hereby declares Plaintiff to be a vexatious litigant and enters the narrowly tailored pre-filing order proposed by Defendants, which satisfies all of the *De Long* factors.

## IV. CONCLUSION

For the reasons set forth above,

**IT IS ORDERED** that Plaintiff's Rule 60 Motions and all other outstanding Miscellaneous Requests for Relief (including, but not necessarily limited to, Docs. 224, 225, 230, 231, 232, 233, 234, 235, 239, 242) are **DENIED**.

---

[8] This Court, however, has the inherent power to impose such restrictions should the need arise. *See* 28 U.S.C. § 1651(a).

- 11 -

| | |
|---|---|
| 1 | **IT IS FURTHER ORDERED** that the Pinal County Defendants' Motion for Sanctions (Doc. 244) is **GRANTED**. The Pinal County Defendants shall file an application for attorney's fees in accordance with District of Arizona Local Rule Civil 54.2 due within 30 days of the date of entry of this Order. |

**IT IS FURTHER ORDERED** that the Pinal County Defendants' Motion for Sanctions (Doc. 244) is **GRANTED**. The Pinal County Defendants shall file an application for attorney's fees in accordance with District of Arizona Local Rule Civil 54.2 due within 30 days of the date of entry of this Order.

**IT IS FURTHER ORDERED** that the Defendants' Motion to Declare Plaintiff a Vexatious Litigant (Doc. 245) is **GRANTED**. Because Plaintiff is a vexatious litigant, the Court hereby enters a Pre-filing Order prohibiting Plaintiff from filing any further actions or papers in this case without first obtaining leave to do so, with one exception: should Plaintiff choose to oppose the Pinal County Defendants' forthcoming application for attorney's fees, Plaintiff may respond—once, in accordance with District of Arizona Local Rule Civil 7.2—to the application without first obtaining leave of the Court to do so. This case remains closed.

Dated this 8th day of June, 2018.

_____
James A. Teilborg
Senior United States District Judge