**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cristobal Hernandez, Jr., | No. CV-11-01945-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Janice K Brewer, et al., | |
| Defendants. | |

Pending before the Court is the Pinal County Defendants' ("Defendants") Motion for Attorneys' Fees (Doc. 264). Defendants filed the pending Motion for Attorneys' Fees (Doc. 264), in accordance with this Court's Order (Doc. 257) granting Defendants' earlier Motion for Sanctions (Doc. 244). Plaintiff Cristobal Hernandez, Jr. ("Plaintiff") filed a Response to Defendants' Motion for Attorneys' Fees (Doc. 265), to which Defendants filed a Reply (Doc. 266).

Plaintiff also filed an improper Sur-reply (Doc. 267) in direct violation of this Court's previous Order (Doc. 257). The Order (Doc. 257) made clear that "Plaintiff may respond—once, in accordance with District of Arizona Local Rule Civil 7.2" to Defendants' application for attorneys' fees. (Doc. 257 at 12). Plaintiff violated the Order (Doc. 257) by filing the Sur-reply (Doc. 267) after filing his one, authorized Response (Doc. 265).[1] Accordingly, the Court strikes Plaintiff's improper Sur-reply (Doc. 267).

---

[1] A sur-reply is not permitted by Federal Rule of Civil Procedure ("Rule") 7 or District of Arizona Local Rule ("Local Rule") 7.2. *See* LRCiv 7.2(b)–(d). Local Rule 7.2 only allows a party to file one response in opposition of any motion. *Id.* Moreover, in granting Defendants' Motion to Declare Plaintiff a Vexatious Litigant (Doc. 245), the

The Court previously discussed the factual and procedural background of this case at length, and need not repeat it here. (*See* Doc. 222). The Court now rules on the motion.

## I. LEGAL STANDARD

Rule 11 justifies sanctions "when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." *Estate of Blue v. County of L.A.*, 120 F.3d 982, 985 (9th Cir. 1997). A "frivolous" filing is one that is "both baseless and made without a reasonable and competent inquiry." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1359, 1362 (9th Cir. 1990).

Once a court authorizes sanctions in accordance with Rule 11, the prevailing party must submit an application for attorneys' fees. LRCiv 54.2. The authorizing court must examine the content of this application and determine, among other things, whether the requested fees are reasonable. *Id.* Under Rule 11, the sanctions awarded "should never exceed those expenses and fees that were reasonably necessary to resist the offending action." *In re Yagman*, 796 F.2d 1165, 1185 (9th Cir. 1986). In general, reasonable attorneys' fees incurred in litigating an action should be calculated according to the "lodestar" method. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This figure is determined by multiplying "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* The application for fees should include evidence supporting the number of hours worked and the rates requested for the work. *Id.* at 434. In determining the number of hours reasonably expended, the court has discretion to exclude hours which are "excessive, redundant, or otherwise unnecessary." *Id.*

## II. MOTION FOR ATTORNEY'S FEES

This Court authorized sanctions pursuant to Rule 11 after determining that Plaintiff was responsible for "frivolous, legally unreasonable filings" and declaring Plaintiff a vexatious litigant. (Doc. 257 at 6, 11). The Court now analyzes whether the fees requested by Defendants are reasonable, in light of the offending actions.

---

Court entered a Pre-Filing Order "prohibiting Plaintiff from filing any further actions or papers in this case without first obtaining leave to do so[.]" (Doc. 257 at 12).

### A. Number of Hours

Defendants do not seek fees associated with all of Plaintiff's frivolous filings, but instead only request fees for responding to filings which "clearly warranted a response," in addition to Defendant's Vexatious Litigant Motion (Doc. 245) and the associated Motion for Sanctions (Doc. 244). (Doc. 264 at 4). Counsel for Defendants did not respond to a number of Plaintiff's additional frivolous filings, instead "trust[ing] the Court would conclude on its own that the remaining filings were meritless." (*Id.*)

Defendants seek compensation for a total of 14.1 hours of billed time for associate Jennifer B. Anderson, and a total of 0.3 hours of billed time for partner Georgia A. Staton. (*Id.* at 17). As avowed by Defendants, Ms. Staton's hours were related to reviewing this Court's Order (Doc. 257) granting attorneys' fees and declaring Plaintiff a vexatious litigant. (*Id.* at 19). Ms. Anderson's hours were spent reviewing, analyzing, and responding to Plaintiff's filings. (*Id.* at 17–19). The relevant filings include, among others: Doc. 223 ("Request Order to Remove Judge Teilborg, and Move Proceedings to Tucson, AZ"); Doc. 224 ("Submission of Evidence Document in 220"); Doc. 225 ("Rule 60(b)(2)(6) Motion"); Doc. 230 ("Leave to File Reply" and "Reply to 226, 227, 228, and 229"); Doc. 231 ("Request for Leave to File Declaration: Theft of Personal Property, Criminal Misconduct"); and Doc. 231-1 "Declaration: Theft of Personal Property, Criminal Misconduct by State Prosecutors"). (Doc. 264 at 14, 17–19). This Court ruled that these—and many other—filings by Plaintiff were frivolous and duplicative. (Doc. 257, n.4–7).

Plaintiff, in his Response (Doc. 265), does not specifically contest or otherwise oppose any of the hours submitted by Defendants. (*See generally* Doc. 265). Moreover, Plaintiff does not argue that any hours submitted in Defendants' fee application are excessive or duplicative. (*Id.*). Accordingly, the Court finds that the number of hours submitted by Defendants is reasonable in light of the numerosity and complexity of issues to which Defendants were forced to respond. The Court also observes that Defendants efficiently allocated their time by responding only to filings by Plaintiff

which warranted a response, and did not unreasonably inflate hours in responding to unmeritorious claims. The Court finds that the hours submitted by Defendants are in no way excessive, redundant, or unnecessary.

Accordingly, the Court will award fees for 0.3 hours of Ms. Staton's time, and 14.1 hours of Ms. Anderson's time.

### B. Hourly Rate

The reasonableness of the hourly rate to be awarded must be determined with consideration of the "experience, skill, and reputation of the attorney requesting fees." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986). The Court "should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Id.* at 1210–11.

Defendants seek an hourly rate of $225.00 for Ms. Staton and an hourly rate of $160.00 for Ms. Anderson. Plaintiff makes no objection to the hourly rates sought by Defendants, and this Court finds that these rates are reasonable in light of counsel's experience and skill. (*See generally* Doc. 265). Rather, Plaintiff chooses to use his Response (Doc. 265) to re-raise irrelevant issues that are no longer before the Court in this closed case. (*Id.*). The Court need not address these irrelevant issues herein.

Here, Ms. Staton is a 1974 graduate of the University of Kansas School of Law and is an equity partner at Jones, Skelton & Hochuli, P.L.C. ("JSH") (Doc. 264 at 6). Ms. Anderson is a 1994 graduate of the University of Michigan Law School and a senior associate attorney at JSH. (*Id.*) Furthermore, Ms. Anderson's typical hourly rate is between $175.00 and $200.00. (*Id.* at 5). The Court finds that the hourly rates requested by Defendants are reasonably in-line with both the experience of the attorneys and prevailing market rates. *See, e.g.*, *Angel Jet Servs., LLC v. Giant Eagle, Inc.*, No. 2: CV-09-1489-PHX-SRB, 2013 WL 11311729, at *7 (D. Ariz. Apr. 17, 2013) (findings that hourly rates from $120 to $520 were reasonable in Phoenix); *Ogden v. CDI Corp.*, No. 2: CV-08-2180-PHX-DGC, 2013 WL 1149913, at *4–5 (D. Ariz. Oct. 11, 2012) (finding rates of $300 for a partner and $230 for a senior associate to be reasonable).

### C. Calculation

In considering Defendants Motion for Attorneys' Fees (Doc. 264), the Court finds that the time and labor expended was reasonable, significant knowledge and skill was required, the fee charged was customary, and the JSH attorneys have significant experience, reputation, and ability. Accordingly, the Court awards reasonable attorneys' fees to Defendants by multiplying the reasonable number of hours, as discussed above, by the reasonable hourly rate for each attorney. Ms. Staton (0.3 hours x $225.00): $67.50; Ms. Anderson (14.1 hours x $160.00): $2,256.00. In total, the Court awards attorneys' fees to Defendants in the amount of $2,323.50.

## III. ADDITIONAL FILINGS

Previously, Plaintiff filed a "Motion for Leave to Appeal" (Doc. 258) and a duplicative "Notice of Appeal" (Doc. 259). To the extent Plaintiff's "Motion for Leave to Appeal" (Doc. 258) requests action from this Court, it is denied as moot because the Court observes that Plaintiff did indeed file an appeal with the Ninth Circuit. (*See* Doc. 2650).

Additionally, in direct violation of this Court's Order (Doc. 257) declaring Plaintiff a vexatious litigant and entering a pre-filing order against him, Plaintiff filed a superfluous Request for Judicial Notice (Doc. 268). Plaintiff failed to seek leave of the Court to make such a filing and provides no valid reason for the superfluous filing therein. Accordingly, the Court strikes Plaintiff's Request for Judicial Notice (Doc. 268), as the filing violates this Court's previous Order (Doc. 257). Any future, unpermitted filings will similarly be stricken if filed in violation of the Pre-filing Order in place against Plaintiff.

## IV. CONCLUSION

For the reasons set forth above,

**IT IS ORDERED** granting the motion for attorney's fees (Doc. 264) and awarding $2,323.50 in attorneys' fees to be paid by Plaintiff Cristobal Hernandez to the Pinal County Defendants.

**IT IS FURTHER ORDERED** denying Plaintiff's "Motion for Leave to Appeal" (Doc. 258) as moot.

**IT IS FURTHER ORDERED** striking Plaintiff's Sur-reply (Doc. 267) and Request for Judicial Notice (Doc. 268). This case remains closed.

Dated this 15th day of November, 2018.

James A. Teilborg
Senior United States District Judge