WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cristobal Hernandez, Jr., | No. CV-11-01945-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Janice K Brewer, et al., | |
| Defendants. | |

Pending before the Court in this closed case is Plaintiff's motion seeking relief from judgment under Federal Rule of Civil Procedure 60 as well as recusal of the undersigned, (Doc. 275 at 2), which was filed in direct violation of this Court's order requiring him to obtain leave of court before filing any papers in this case, (*see* Doc. 257 at 12). Also pending before the Court is Defendants' motion to strike Plaintiff's motion, (Doc. 277), as well as several other of Plaintiff's motions seeking permission to file various papers, (Docs. 278, 280, 282, 285, 287, 288, 290).

**I.    BACKGROUND**

Plaintiff brought this action in 2011 against Arizona state and county officials to challenge on various legal theories the seizure of his home under Arizona civil forfeiture laws, and to contest the legality of a traffic stop made by Defendant Parry. (Doc. 16 at 16–18). In 2013, except for a § 1983 claim against Defendant Parry, each of Plaintiff's claims were dismissed because they either were not supported by sufficient factual allegations, were barred by the relevant statute of limitations, or were premised on statutes which

provided no private right of action. (*See* Doc. 42 at 1–13). The remaining claim against Defendant Parry was disposed of at summary judgment in 2013, (Doc. 166), and the Clerk of the Court entered judgment against Plaintiff. The determinations underlying that judgment were affirmed by the Ninth Circuit Court of Appeals in 2016. (Doc. 179). The Court's denial of Plaintiff's motion for relief from the judgment was likewise affirmed by the Ninth Circuit in 2019. (*Compare* Doc. 222, *with* Doc. 273).

Since the 2013 judgment, Plaintiff has filed 30 motions which the Court has construed as motions for relief from judgment under Rule 60. (*See* Docs. 222, 257). Plaintiff has also filed three motions for recusal of the undersigned. (Docs. 83, 199, 226). Each of these motions have been denied. Because of Plaintiff's frivolous filings the Court declared Plaintiff a vexatious litigant in 2018 and entered a pre-filing order prohibiting him from filing further papers in this case without first seeking this Court's leave to do so. (Doc. 257). Shortly afterward the Court awarded Defendants their attorney's fees incurred in responding to the filings leading up to the vexatious litigant declaration. (Doc. 269). Plaintiff did not begin filing the currently pending motions until August of 2022.

## II.   ANALYSIS

Because Plaintiff's August 2022 motion was filed without leave of court, the Court will consider whether the motion presents any valid reason why the Court should permit it to be filed. Plaintiff argues in the motion that the undersigned should recuse and that the case should be reopened because of fraud on the court. The Court will take these arguments in turn before proceeding to consider the remainder of the pending motions.

### a. Recusal

Plaintiff's argument that the undersigned should recuse rests solely on Plaintiff's contention that the Court's rulings in this case are so obviously incorrect that the undersigned must have been "willfully blind" to facts and legal principles which Plaintiff argues compel an outcome in his favor. (*See* Doc. 275 at 2–4, 10–23, 25–27; Doc. 279 at 3, 7–8; Doc. 286 at 6; Doc. 291 at 2, 12, 18–19). Two statutes govern recusal of district

judges: 28 U.S.C. §§ 144 and 455.[1] A federal judge must recuse where "a reasonable person with knowledge of all the facts would conclude the judge's impartiality might reasonably be questioned." *Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) (citing *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); 28 U.S.C. §§ 144, 455). Judicial rulings alone, however, "almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). In "the rarest circumstances" a judicial ruling may "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id.* But any such "manifestation[] of animosity must be much more than subtle to establish bias." *Id.* at 556 n.3.

Plaintiff has not identified any particular statement within the Court's orders in this case exhibiting the overt animosity or favoritism required to support an allegation of bias. Nor would any reasonable person conclude the impartiality of the undersigned might be questioned solely on the basis of those legal determinations. *See Poland v. Stewart*, 117 F.3d 1094, 1103–04 (9th Cir. 1997) (quoting *United States v. Conforte*, 624 F.3d 869, 862 (9th Cir. 1980)) ("[A] judge's views on legal issues may not serve as a basis for motions to disqualify."). This is particularly true considering that many of the legal determinations of which Plaintiff complains were affirmed by the Ninth Circuit Court of Appeals. (*See* Doc. 179-2). The Court will deny Plaintiff's request that the undersigned recuse.

### b. Relief from Judgment

Plaintiff also argues that this Court must reopen this case and set aside the judgment under Federal Rule of Civil Procedure 60(b) because of newly discovered evidence and fraud on the court. A motion based on new evidence under 60(b)(2), however, must be made within "a year after the entry of judgment or order or the date of the proceeding."

---

[1] Plaintiff's motion is not proper under 28 U.S.C. § 144 because, among other deficiencies, it would not be the first such motion Plaintiff has filed in this case. (*See* Doc. 83 at 3; Doc. 199); 28 U.S.C. § 144 ("A party may file only one such affidavit in any case."). Further, motions under § 455 must be filed in a timely fashion. *Preston v. United States*, 923 F.2d 731, 732–34 (9th Cir. 1991). Because Plaintiff seeks recusal purely due to this Court's rulings against him, and because the last reasoned order of this Court in this case was issued in 2018, Plaintiff's motion is not timely under § 455. (*See* Doc. 269). Plaintiff's recusal motion is therefore defective under both § 144 and § 455, and the Court denies it on that basis. Nonetheless, out of an abundance of caution the Court will in the alternative address whether Plaintiff has sufficiently alleged bias or prejudice.

Fed. R. Civ. P. 60(c)(1). The judgment in this case was entered in September of 2013, which is more than one year prior to August of 2022, when Plaintiff filed his motion without leave of court. Indeed, the Court's docket reflects that before Plaintiff's motion there were no filings or proceedings in this case for more than two years. Thus, to the extent Plaintiff bases his motion for relief from the judgment on newly discovered evidence, it is untimely.

Plaintiff's motion is also untimely to the extent it is based on alleged fraud. Like Rule 60 motions based on newly discovered evidence, Rule 60 motions based on fraud—except fraud on the court—must be made within one year of entry of the judgment or order. Fed. R. Civ. P. 60(c)(1), (d)(3). As discussed, Plaintiff's motion was not brought within this time period. Thus, Plaintiff's motion can only be timely if it adequately demonstrates not merely fraud, but fraud on the court. *See United States v. Sierra Pac. Indus., Inc.*, 862 F.3d 1157, 1167 (9th Cir. 2017).

Plaintiff's allegations do not fall within the "fraud on the court" exception for the fundamental reason that Plaintiff has not alleged fraud on this Court. That is, Plaintiff has not alleged that any of this Court's judgments were obtained by fraud. (*See* Docs. 275, 291). Rather, Plaintiff has disinterred in his recent filings the same basic allegation which he has made time and again in this case: that state prosecutors perpetrated fraud on the state superior court in the state civil forfeiture action.[2] Alleged fraud on the state court is not a proper basis upon which to set aside any of this Court's orders in this case. *See Fine v. Sherriff of L.A. Cnty.*, 2010 WL 11628016, at *1 (C.D. Cal. July 20, 2010).[3] Thus, Plaintiff

---

[2] (*Compare* Doc. 1 at 4–5, *and* Doc. 16 at 20, *and* Doc. 17 at 5, *and* Doc. 19 at 11–12, *and* Doc. 23 at 3–4, *and* Doc. 27 at 3–4, *and* Doc. 32 at 2, *and* Doc. 33 at 5, *and* Doc. 34 at 5, *and* Doc. 40 at 3, *and* Doc. 45 at 5, *and* Doc. 48 at 3–4, *and* Doc. 49 at 3, *and* Doc. 51 at 5, *and* Doc. 53 at 25–26, 39, 42–43, *and* Doc. 60 at 3, *and* Doc. 66 at 43–44, 60, *and* Doc. 70 at 1, *and* Doc. 73 at 2, *and* Doc. 82 at 3, *and* Doc. 87 at 4, *and* Doc. 89 at 2–3, *and* Doc. 105 at 1, *and* Doc. 111 at 5, *and* Doc. 154 at 6, *and* Doc. 165 at 8–9, *and* Doc. 187 at 1–2, *and* Doc. 189 at 1, *and* Doc. 192-2 at 2–8, *and* Doc. 193-2 at 5, *and* Doc. 202 at 9, *and* Doc. 203-1 at 4, *and* Doc. 204 at 2–3, *and* Doc. 208 at 2–5, *and* Doc. 210 at 1–5, *and* Doc. 217 at 4, *and* Doc. 219 at 1–2, 8–9, *and* Doc. 234 at 1–3, and Doc. 235 at 1–3, *and* Doc. 237 at 7–8, *and* Doc. 240 at 4, *and* Doc. 246 at 4, *and* Doc. 259 at 2–4, *and* Doc. 265 at 12, *with* Doc. 275).

[3] Nor may this Court vacate a state court judgment under Rule 60. *Gordy v. Cnty. Of L.A.*, 2022 WL 3127897, at *7 (C.D. Cal. June 21, 2022) (citing *Copeland v. Bank of Am. Servicing*, 2014 WL 12707481, at *1 (C.D. Cal. Jan. 27, 2014); *see also Holder v. Simon*,

has failed to show fraud on the court and his Rule 60 motion is untimely.

But, in the alternative, Plaintiff's motion would be barred by the rule of mandate even if it were timely. *See United States v. Kellington*, 217 F.3d 1084, 1092–93 (9th Cir. 2000). Under the rule of mandate this Court must "consider[] as finally settled . . . . any matter decided on appeal." *Id.* at 1093–94 (quoting *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255 (1895)). The Ninth Circuit Court of Appeals affirmed this Court's denial of Plaintiff's last round of Rule 60 motions and explicitly stated that this Court's judgment against Plaintiff "cannot be reexamined." (Doc. 273-1 at 2). Plaintiff's pending filings seeking relief (on essentially identical grounds) from that judgment are therefore generally barred by the rule of mandate.

The rule of mandate also bars much of the specific relief Plaintiff seeks. Plaintiff contests the Court's dismissal of his "state claims," arguing the Court incorrectly concluded they were "time barred." (Doc. 275 at 12). The only claims the Court dismissed as barred by the statute of limitations were Counts 13 and 15 of the amended complaint. (*See* Doc. 42 at 8–9). The Court of Appeals affirmed those determinations. (Doc. 179-2 at 4). This Court cannot, therefore, revisit them.[4]

The Court therefore finds that Plaintiff's motion for recusal of the undersigned and Rule 60 relief, which was improperly filed in violation of this Court's order, provides no valid reason that the Court should permit it to be filed. Accordingly, the Court strikes the motion.

---

384 Fed. App'x 669 (9th Cir. June 21, 2010); *de Mol v. Grand Canyon Title Agency*, 2010 WL 4269534, at *1 (D. Ariz. Oct. 25, 2010); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284–85 (2005) (noting that under the *Rooker–Feldman* doctrine "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments" are "out of bounds.").

[4] Plaintiff also argues that the Court incorrectly found that his claims brought under 42 U.S.C. § 1983 were barred by the statute of limitations. The Court did not dispose of any of Plaintiff's § 1983 claims on that basis. (*See* Doc. 42 at 10–12) (dismissing Plaintiff's § 1983 claims as insufficiently supported by factual allegations). Thus, Plaintiff's argument that his § 1983 claims were timely does not present a basis for relief under Rule 60. Further, to the extent Plaintiff argues that his § 1983 claim in Count 7 was incorrectly dismissed, the rule of mandate also bars reconsideration of this determination. (*See* Doc. 179-2 at 2–3).

### c. Other Pending Motions

Plaintiff's motions requesting leave to file letters, (Docs. 280, 287), present no valid reason why the Court should permit the letters to be filed. The Court denies the motions. Doc. 282 is a duplicative request to file the lodged proposed letter, which the Court denies as moot.

Plaintiff's motion requesting to file supplemental authority, (Doc. 288), is denied. Because the Court has stricken the motion which Plaintiff seeks to support with the lodged proposed supplemental authority, the Court finds the motion presents no valid reason why the supplemental authority should be permitted to be filed.

Plaintiff has also requested to file a motion which recapitulates the arguments discussed and rejected above and additionally objects to the Court's November 2018 award of attorney fees to Defendants. (Doc. 290). If construed as a motion for reconsideration this objection would be untimely because motions for reconsideration must be filed within 14 days, (LRCiv 7.2(g)(2)), but Plaintiff did not seek to contest the Court's order until 1,504 days after it was filed. Further, because Plaintiff does not explain why his motion was filed so long after the order was entered, he has not shown that "extraordinary circumstances prevented [him] from taking timely action to prevent or correct" an error in this Court's award of attorney fees, and relief is consequently also unavailable under Rule 60. *See Navajo Nation v. Dep't of Interior*, 876 F.3d 1144, 1173 (9th Cir. 2017). Thus, the Court finds that Plaintiff has provided no reason why the Court should permit the motion to be filed. The Court denies Plaintiff's request to file the motion.

Defendants' motion to strike contains a request for attorney's fees incurred in responding to Plaintiff's recent filings. The Court in its discretion denies this request. Should Plaintiff continue to make improper filings in this case Defendants may move for attorney's fees and to preclude Plaintiff from making any additional filings in this case, supporting any such request with relevant legal authority.

## III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendants' Motion to Strike (Doc. 276) is granted in part and denied in part as specified herein. The Clerk of the Court shall strike Plaintiff's motion entitled "Rule 60(d)(3), Set Aside Judgement for Fraud on the Court; Document the Release of Property Eleven Years Later; and Removal of Senior Judge James A. Teilborg for Cause," (Doc. 275). This case remains closed, and Plaintiff remains prohibited from filing any further actions or papers in this case without first obtaining leave to do so. Should Plaintiff persist in making improper filings in this case, Defendants may move for attorney's fees incurred in responding to any such filings and may move to modify this Court's pre-filing order to wholly preclude Plaintiff from making additional filings in this case.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file a response to Defendants' Motion to Strike (Doc. 278) is granted. The Clerk of the Court shall file Plaintiff's Proposed Response to Defendants' Motion to Strike, lodged at Doc. 279.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Letter to Clerk (Doc. 280) is denied. The Clerk of the Court shall leave lodged the Proposed Letter (Doc. 281) and strike Plaintiff's notice entitled "Request Permission to File Letter," (Doc. 282).

**IT IS FURTHER ORDERED** that Plaintiff's motion (Doc. 285) for leave to file responses to Defendants' responses to Plaintiff's motions for leave to file a response to Defendants' motion to strike and for leave to file a letter is granted. The Clerk of the Court shall file Plaintiff's proposed response, lodged at Doc. 286.

**IT IS FURTHER ORDERED** that Plaintiff's motion entitled "Request Permission to File Letter to Chief Justice Robert M. Brutinel and Hon. Jeff Fine," (Doc. 287), is denied.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file supplemental authority (Doc. 288) is denied. The Clerk of the Court shall leave lodged Plaintiff's proposed supplemental authority (Doc. 289).

1  **IT IS FINALLY ORDERED** that Plaintiff's request (Doc. 290) to file the motion
2  entitled "Quash Financial Sanction, Recapitulation of Income at the Time of Seizure, and
3  Remove Senior Judge James A. Teilborg for Cause" is denied. The Clerk of the Court shall
4  leave lodged Plaintiff's motion (Doc. 291).

Dated this 30th day of March, 2023.

James A. Teilborg
Senior United States District Judge