WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cristobal Hernandez, Jr., | No. CV-11-01945-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Janice K Brewer, et al., | |
| Defendants. | |

Before the Court in this closed case is Plaintiff Cristobal Hernandez, Jr.'s request to file a motion for reconsideration of this Court's order striking Plaintiff's motion for Rule 60 relief from this Court's 2013 judgment. (Doc. 295). The Court now rules.

**I.    BACKGROUND**

The Court discussed the history of this case in striking Plaintiff's latest motion for Rule 60 relief:

> Plaintiff brought this action in 2011 against Arizona state and county officials to challenge on various legal theories the seizure of his home under Arizona civil forfeiture laws, and to contest the legality of a traffic stop made by Defendant Parry. (Doc. 16 at 16–18). In 2013, except for a § 1983 claim against Defendant Parry, each of Plaintiff's claims were dismissed because they either were not supported by sufficient factual allegations, were barred by the relevant statute of limitations, or were premised on statutes which provided no private right of action. (See Doc. 42 at 1–13). The remaining claim against Defendant Parry was disposed of at summary judgment in 2013, (Doc. 166), and the Clerk of the Court entered judgment against Plaintiff. The determinations underlying that judgment were affirmed by the Ninth Circuit Court of Appeals in 2016. (Doc. 179). The Court's denial of Plaintiff's motion for relief from the judgment was likewise affirmed by the Ninth Circuit in 2019. (Compare Doc. 222, with Doc. 273).
> 
> Since the 2013 judgment, Plaintiff has filed 30 motions which the Court has construed as motions for relief from judgment under Rule 60. (See

>Docs. 222, 257). Plaintiff has also filed three motions for recusal of the undersigned. (Docs. 83, 199, 226). Each of these motions have been denied. Because of Plaintiff's frivolous filings the Court declared Plaintiff a vexatious litigant in 2018 and entered a pre-filing order prohibiting him from filing further papers in this case without first seeking this Court's leave to do so. (Doc. 257). Shortly afterward the Court awarded Defendants their attorney's fees incurred in responding to the filings leading up to the vexatious litigant declaration. (Doc. 269).

(Doc. 292 at 1–2).

Plaintiff filed his most recent Rule 60 motion in August of 2022. (Doc. 275). The Court found that it was untimely as a Rule 60 motion based on newly discovered evidence because it had not been filed within one year of the judgment, as required by Rule 60(c)(1). (Doc. 292 at 3–4). The Court also found that although there was no similar limit for motions based on fraud on the Court, Plaintiff had not "alleged that any of this Court's judgments were obtained by fraud," but rather had "disinterred in his recent filings the same basic allegation which he ha[d] made time and again in this case: that state prosecutors perpetrated fraud on the state superior court in the state civil forfeiture action." (*Id.* at 4). The Court concluded that because Plaintiff's motion was untimely there was no valid reason to permit it to be filed. (*Id.* at 5).

Plaintiff then filed the instant request to file a motion for reconsideration, attaching a letter from the Pinal County Clerk that Plaintiff claims shows that Plaintiff "should have never been charged with any criminal offenses," that "state prosecutors unlawfully withheld property from Hernandez for 11 years," and that "state prosecutors knew or should have known Hernandez was innocent." (Doc. 295 at 1–2).

**II.   DISCUSSION**

"The Court will ordinarily deny a motion for reconsideration absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1). Even if the letter Plaintiff submitted qualifies as newly discovered evidence under Local Rule of Civil

Procedure 7.2(g)(1) and Federal Rule of Civil Procedure 60(b)(2), it would not present a reason for the Court to reconsider its recent order.

First, Plaintiff's latest Rule 60 motion was not filed within one year after the Court's 2013 judgment as required by Rule 60(c)(1), and the new evidence Plaintiff has submitted with his request cannot make that motion any less untimely. Second, Plaintiff's request makes plain that Plaintiff's motion for reconsideration will use the newly submitted letter to advance the same state-prosecutor-fraud-on-the-state-court arguments, and thus will not show that Plaintiff is entitled to relief, under Rule 60(d)(3), from this Court's judgment due to fraud on this court.[1] The Court therefore concludes that Plaintiff's request does not show any valid reason why the Court should permit Plaintiff's motion for reconsideration to be filed. The Court will deny the request.

In the event that his request was denied, Plaintiff also requested "permission to file with the 9th Circuit Court of Appeals." (Doc. 295 at 2). The Court denies this request to the extent that it is a motion for extension of time to file a notice of appeal from a final decision of this Court. To the extent this request is one for relief from any filing restriction the Ninth Circuit has placed on Plaintiff, the Court denies this request without prejudice to seeking such relief from the Ninth Circuit.

### III.   CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's request to file a motion for reconsideration (Doc. 295) is DENIED.

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] (*See* Doc. 295). Plaintiff's most recent Rule 60 motion also sought the undersigned's recusal for purported bias. Plaintiff's instant request does not suggest that the newly submitted letter might present a reason to reconsider the Court's denial of the recusal motion.

**IT IS FURTHER ORDERED** that Plaintiff's request for "permission to file with the 9th Circuit Court of Appeals" is DENIED as specified herein.

Dated this 10th day of August, 2023.

*James A. Teilborg*
Senior United States District Judge